In re Steven KRAMER.

No. 04–99–00608–CV.

Court of Appeals of Texas,
San Antonio.

Dec. 22, 1999.

Peri E. Mashburn, Houston, for Appellant.

David S. Perwin, Nagle, Perwin & Mills, P.L.L.C., Houston, for Appellee.

Sitting: PHIL HARDBERGER, Justice, CATHERINE STONE, Justice, PAUL W. GREEN, Justice.

Opinion by PAUL W. GREEN, Justice.

In this original proceeding, Relator, Steven Kramer, challenges the trial court's failure to transfer venue of his suit affecting the parent-child relationship pursuant to TEX. FAM.CODE ANN. § 155.201 (mandatory transfer) and § 155.204 (procedure for transfer) (Vernon 1996). We conditionally grant the writ.

### Facts

On June 9, 1999, Kramer filed a motion to modify his divorce decree, seeking a change in visitation rights to his minor child and appointment as joint managing conservator. At the same time, Kramer filed a motion to transfer venue, supported by affidavit, on grounds that the child had resided in Harris County for at least six months prior to the filing of the motion to transfer. Notice was served on the real party in interest, Katherine Kramer Autry (Autry), on June 30, 1999. Autry filed a general denial on July 15, 1999, along with a cross-petition to modify and a motion for contempt against Kramer. Autry did not file a controverting affidavit to contest the motion to transfer venue.

On July 21, 1999, Kramer's counsel wrote to the Bexar County District Court, enclosing an order and request to the presiding District Court Judge to sign the transfer of venue. District Judge Andy Mireles refused to sign the order on the ground that a general denial had been filed

and a hearing was necessary. A hearing was then held on August 6, 1999, on Autry's cross-petition to modify and motion for contempt. Kramer did not appear at this hearing and a capias was issued for his arrest by Judge Janet Littlejohn. On August 9, 1999, a hearing was held on Kramer's motion to transfer. Judge Pat Priest refused to sign the transfer order because a capias had been issued for Kramer's arrest.

### Standard of Review

Mandamus issues only to correct a clear abuse of discretion or a violation of a duty imposed by law when there is no other adequate remedy at law. *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). The trial court abuses its discretion when it fails to properly apply the law to the undisputed facts, when it acts arbitrarily or unreasonably, or when its ruling is based on factual assertions unsupported by the record. *See Microsoft Corp. v. Manning*, 914 S.W.2d 602, 607 (Tex.App.—Texarkana 1995, writ dism'd). Transferring a case to a county where the child has lived for more than six months is a mandatory ministerial duty under TEX. FAM.CODE ANN. § 155.201. *Bollard v. Berchelmann*, 921 S.W.2d 861, 863 (Tex.App.—San Antonio 1996, no writ), *citing Proffer v. Yates*, 734 S.W.2d 671, 673 (Tex.1987) (referring to the original statute in former TEX. FAM. CODE § 11.06). While appellate courts will not generally issue writs of mandamus to correct erroneous venue decisions, they may do so in suits affecting the parent-child relationship. *See Bollard*, 921 S.W.2d at 864.

### Family Code

TEX. FAM.CODE ANN. § 155.201(b) (Vernon 1996) provides:

If a suit to modify or a motion to enforce an order is filed in the court having

continuing, exclusive jurisdiction of a suit [affecting the parent-child relationship], on the timely motion of a party the court *shall transfer* the proceeding to another county in this state if the child has resided in the other county for six months or longer.

(emphasis added). Section § 155.204(a) then provides the procedure for transfer, in relevant part, as follows:

[A] motion to transfer by a petitioner or movant is timely if it is made at the time the initial pleadings are filed.... If a timely motion to transfer has been filed and no controverting affidavit is filed within the period allowed for its filing, the proceeding shall be transferred promptly *without a hearing* to the proper court.

*Id.* at 155.204(a) (emphasis added). A party desiring to contest the transfer *must file* a controverting affidavit on or before the first Monday after the 20th day after the date of notice of a motion to transfer is served. *Id.* at § 155.204(b); *see Bollard,* 921 S.W.2d at 863.

## Discussion

 In this case, the motion to transfer venue to Harris County was properly filed with the initial pleading on June 9, 1999. No controverting affidavit was filed. The requirements of § 155.204(b) were met on July 26, 1999, the Monday after the 20th day. The trial court had a mandatory duty to transfer the case to Harris County *promptly without a hearing* as soon as the statutory requirements were met.

Autry argues the trial court has discretion to delay transfer in order to act on her motion to enforce, so long as the suit is transferred promptly thereafter. Autry cites TEX. FAM.CODE ANN. § 157.061(c) as authority that her motion to enforce takes precedence over mandatory transfer of venue:

The court shall give preference to a motion for enforcement of child support ... and may not delay the hearing because a suit for modification of the order requested to be enforced has been or may be filed.

We disagree with Autry's interpretation of the statute.

 The trial court may not delay determination of a motion to enforce a standing order simply because a motion to modify that order has been filed. This does not mean the trial court can ignore mandatory transfer of venue. *Cf. In re Simonek,* 3 S.W.3d 285, 288–89 (Tex.App.—Waco 1999, n.p.h.) (finding mandatory transfer applied even though assessment of punishment was still pending against party found in contempt of visitation orders). Section 155.201(b) specifically makes a motion to enforce subject to mandatory transfer. Had the trial court made the transfer in this case, the Harris County court could have proceeded swiftly to a hearing on Autry's motion to enforce before considering Kramer's suit for modification.[2]

## Conclusion

Because we find the trial court had no discretion to deny Kramer's motion to transfer venue, we conditionally grant the petition for writ of mandamus. If the trial court fails to enter an order transferring the underlying cause to Harris County within ten days of this opinion, we will issue the writ.

---

**2.** The Bexar County court would still have jurisdiction to enter temporary orders, such as the TRO issued in this case, until the case was docketed in Harris County. TEX. FAM. CODE ANN. § 155.005 (Vernon 1996); *see In re Simonek,* 3 S.W.3d 285, 288–89 & n. 1 (Tex. App.-Waco 1999, n.p.h.)