NO. 07-01-0338-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A





SEPTEMBER 14, 2001
 


______________________________



IN RE: JOHANSON LEE WATSON, RELATOR


_________________________________





Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Pending before the court is a pleading of relator Johanson Lee Watson entitled
Motion for Leave for Permission to Reconsider to File a Motion for a Writ of Mandamus,
together with attachments and exhibits. Such motion references our prior disposition of
what we determined was a petition for writ of mandamus to be directed to the Honorable
Tom Neely, Judge of the 46th District Court of Wilbarger County, Texas. Accompanying
relator's current motion are copies of what he asserts are motions which have been filed
with the district clerk of Wilbarger County (the "district clerk") in June, 2001, and August,
2001. The copies do not reflect file-marks by the district clerk. Also accompanying
relator's motion are copies of what he asserts are letters sent to the district clerk inquiring
as to the disposition of his motions, and letters from the district clerk in response to his
inquiries. Notably absent from his Motion for Leave for Permission to Reconsider are any
requests presenting relator's motions to Judge Neely, or requesting Judge Neely to act on
the motions. 

 Relators seeking issuance of a writ of mandamus directed to a trial judge must
satisfy three requirements to show entitlement to the writ: (1) a legal duty to perform; (2)
a demand for performance; and (3) a refusal to act. See Stoner v. Massey, 586 S.W.2d
843, 846 (Tex. 1979). A trial court is not required to consider a motion not called to its
attention. See Metzger v. Sebek, 892 S.W.2d 20, 49 (Tex.App.--Houston [1st Dist.] 1994,
writ denied). 

 Even if we allow relator considerable leeway in his pleadings and applications for
relief because he is proceeding pro se, he has failed to show that the motions filed with
the district clerk have ever been presented to, or that Judge Neely has been requested to
act on, the motions. Relator has thus failed to present any basis for us to reconsider our
prior denial of his application for writ of mandamus. 

 Relator's Motion for Leave for Permission to Reconsider is denied. 


 Phil Johnson 

 Justice



Do not publish.




mus directing the trial court to vacate the order of transfer.

 Relator asserts that sections 105.002(c)(1)(D) and (d) of the Texas Family Code do
not allow the court to contravene the jury's verdict restricting the children's residence and
domicile to Wilbarger county and contiguous counties. (2) Section 105.002 reads, in relevant
part:

 (c) In a jury trial (1) a party is entitled to a verdict by the jury on the issues of
. . . ( D) the determination of the primary residence of the child. . . . (d) The
court may not contravene a jury verdict on an issue submitted under
Subsection (c)(1). . . .


Tex. Fam. Code Ann. § 105.002(c)(1)(D) and (d) (Vernon 2002). The divorce decree
contains provisions establishing the geographical area for the children's primary residence
in accord with the jury's determination. The court's September 4 order transferred venue
of the proceeding, but did not modify the decree. 

 Relator contends that the court's order of transfer impermissibly nullifies the jury's
determination of the children's residence. We disagree. Relator confuses transfer of
venue with a modification of the terms of the divorce decree. If a suit to modify or a motion
to enforce an order is filed in the court having continuing exclusive jurisdiction over the suit
and a party makes a timely motion to transfer the proceeding to another county in this
state, transfer is a mandatory ministerial duty if the child has resided in the other county for
six months or longer. Tex. Fam. Code Ann. § 155.201(b). Proffer v. Yates, 734 S.W.2d
671, 673 (Tex. 1987) (referring to section 11.06, the predecessor to section 155.201).

 When a suit affecting a parent-child relationship is transferred, all the proceedings
are continued as if they were brought originally in the court to which it is transferred. Tex.
Fam. Code Ann. § 155.206(a). The judgment or order transferred has the same effect as
when it was originally rendered and must be enforced just as it would have been in the
originating court. Tex. Fam. Code Ann. § 155.206(b). The court to which the proceeding
is transferred is required to enforce judgments or orders of the transferring court and has
the power to punish disobedience of orders issued by the transferring court, whether they
occurred before or after the transfer. Tex. Fam. Code. Ann. § 155.206(c) and (d). Both
parties may pursue their pending motions in Montgomery County. See In re Kramer, 9
S.W.3d 449, 451 (Tex.App.-1999, orig. proceeding). 

 Relator, relying on In re C.R.O., 96 S.W.3d 442, 447 (Tex.App.-Amarillo 2002, no
writ) asserts that transferring the case also undermines the public policy of the State of
Texas which encourages frequent contact of children with their parents and encourages
parents to share in the rights and duties of raising their children. Tex. Fam. Code Ann. §
153.001(a). In re C.R.O. did not concern a mandatory transfer within the State of Texas. 
It involved the effort of a father to prohibit his wife from moving from Texas to Hawaii with
their two children. The court designated the residence of the children as Fort Bend County,
Texas and contiguous counties, subject to the father maintaining his residence in those
counties. The court found that allowing the children to move to Hawaii would have severely
impacted their relationship with their father due to the long distance involved. We do not
find the facts and issues presented to the court in In re C.R.O. relevant to this case.

 It is relator's burden to establish he is entitled to the relief being requested. Walker
v. Packer, 827 S.W.2d 833, 837 (Tex. 1992); see Johnson v. Fourth Court of Appeals, 700
S.W.2d 916, 917 (Tex. 1985). Relator has failed to meet that burden. The trial court
performed a mandatory ministerial duty in ordering the proceedings transferred to
Montgomery County. The request for a writ of mandamus is denied. 


 James T. Campbell

 Justice




 

 

1. Hereafter Chad Clifton Magee will be referred to as relator and Kristi Magee will be
referred to as Kristi.
2. Section 105.002 was modified effective September 1, 2003. Because this suit was
filed before the effective date, it is governed by the law in effect on the date that suit was
filed.