NO. 07-03-0328-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



AUGUST 20, 2003


______________________________



In re ELIZABETH ANN LAMBDIN
,




 Relator

_______________________________



Original Proceeding


_______________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

 Pending before the court is the petition for a writ of mandamus filed by Elizabeth
Ann Lambdin (Lambdin). She requests that we order the Honorable John Board, 181st
Judicial District, "to transfer the subject action to Collin County" and "rescind its order of
Contempt because such court did not have jurisdiction to enter such an order." The
dispute arose from the trial court's denial of Lambdin's motion to transfer venue. The latter
was tendered in response to the filing by her ex-husband, Brandon Andrew Amos (Amos),
of a motion to enforce a prior court order regarding his visitation rights. We deny the
petition.

Background


 According to the record before us (which record omits a transcription of the
evidentiary hearing conducted upon the motion to transfer), Lambdin and Amos are the
parents of two children. Upon dissolution of their marriage in May of 2001, the trial court
appointed both parents as joint managing conservators of their children. Approximately
17 months passed after the divorce when, on November 22, 2002, Lambdin petitioned the
181st Judicial District Court of Randall County to modify the parent/child relationship
between Amos and his children. Amos joined issue on December 23, 2002, by filing both
an answer to the petition and a document entitled "Counter-Petition to Modify Parent-Child
Relationship." So too did he tender to the clerk a third document entitled "Motion for
Enforcement and Order to Appear." However, the exact date on which he tendered the
third document is unclear for the district clerk's file-mark appearing on the copy given to
us is illegible. Nonetheless, it is certain that he did so by January 3, 2003, since that is
the date on which the trial court signed an order setting January 31, 2003, as the date on
which the motion would be heard. 

 Next, on January 13, 2003, Lambdin tendered her first amendment to her petition
to modify the parent-child relationship. Then, on January 27, 2003, she filed the motion
to transfer venue alluded to in the opening paragraph of this opinion. The item was
submitted by Lambdin pro se, and therein, she requested the trial court to "transfer this
proceeding in accordance with the allegations of this motion." Whether the "proceeding"
to which she referred was that commenced in January of 2003 by the motion to enforce or
that initiated in November of 2002 by her motion to modify went unexplained. (1) Nor did she
clarify the matter via her "First Amended Motion to Transfer Venue," filed on February 7,
2003. Again, Lambdin simply asked that "this proceeding" be transferred. 

 Though on file, the motion to transfer was not the first motion to be addressed by
the trial court. Instead, it convened a hearing upon the motion to enforce on January 31,
2003. Furthermore, each party appeared in person and through their respective legal
counsel. (2) Nothing of record illustrates that Lambdin urged, at the hearing, her pending
motion to transfer venue or otherwise objected to the trial court proceeding with the
hearing on the motion to enforce. Instead, the trial court noted in its "Order Holding
Respondent in Contempt" (signed on February 7, 2003) that she and her counsel
"announced ready for trial." (3) Via that order, the trial court also held her in contempt, after
stating that it heard the evidence offered by the parties. 

 No hearing was convened upon the motion to transfer venue until March 25, 2003. 
Though we have no transcript of the evidence or argument presented at that proceeding,
the trial court stated in its ensuing order that it heard the "evidence and argument of
counsel." So too did it deny the motion via the same order. The latter was signed on April
9, 2003. Lambdin petitioned this court for relief from that order on July 24, 2003.

Analysis


 We first address the allegation that we should order the trial court to rescind its
February 7th order holding Lambdin in contempt. Such is required, according to Lambdin,
because the trial court had no jurisdiction to entertain the motion. Furthermore, it allegedly
had no jurisdiction because §155.206(d) of the Texas Family Code deprived it of same. 
We disagree. 

 Section 155.206(d) states that "after the transfer" of a cause to another court, the
transferring court loses not only jurisdiction over the child but also jurisdiction "to enforce
its order for a violation occurring before or after the transfer of jurisdiction." Tex. Fam.
Code Ann. §155.206(d) (Vernon 2002). As can be seen, the loss of jurisdiction is
expressly conditioned upon the transfer of the cause. In other words, jurisdiction of the
initial or transferring court is not extinguished until the cause is transferred. So, since the
cause at bar was never transferred elsewhere, §155.206(d) did not deprive the trial court
of jurisdiction to consider the motion to enforce or hold Lambdin in contempt. See Grozier
v. L-B Sprinkler & Plumbing Repair, 744 S.W.2d 306, 312 (Tex. App.-Fort Worth 1988, writ
denied) (holding that the trial court had jurisdiction to rule on a summary judgment motion
even though a motion to transfer venue pended before it).

 Next, we address whether Lambdin is entitled to relief (via a writ of mandamus) from
the trial court's decision to deny the motion to transfer venue. We conclude that she is not
for the following reasons. First, one (such as Lambdin) seeking extraordinary relief under
Rule 52 of the Texas Rules of Appellate Procedure must accompany the petition with
either an authenticated transcript of any relevant testimony from any underlying
proceeding or a statement that no testimony was adduced in connection with the matter. 
Tex. R. App. P. 52.7(a)(2). In absence of such a transcript, the court considering the
petition for extraordinary relief presumes that there existed evidence to support the trial
court's decision. Ex parte King, 819 S.W.2d 944, 946 (Tex. App.-Houston [14th Dist.]
1991) (original proceeding involving a petition for writ of habeas corpus). Here, the trial
court disclosed, via its order denying the motion to transfer, that it considered evidence
presented to it. Yet, Lambdin provided us with no record of that evidence. Similarly
absent is a statement by Lambdin that no testimony or evidence was presented to the trial
court. Consequently, Lambdin failed to comply with Rule 52.7(a)(2), and we presume that
the trial court had before it evidence to support its decision.

 Second, Amos contended that Lambdin waived her complaint about venue by
announcing "ready" at the January 31st hearing on the motion to enforce. It is well-settled
that complaints about venue may be waived expressly or impliedly. The latter occurs when
the party takes some action inconsistent with its position on the venue issue. Grozier v.
L-B Sprinkler & Plumbing Repair, 744 S.W.2d at 310. An example of such action is
submitting oneself to trial without insisting that the trial court first address a pending venue
motion. Gentry v. Tucker, 891 S.W.2d 766, 768 (Tex. App.-Texarkana 1995, no writ). 
Here, nothing of record indicates that Lambdin insisted that the trial court consider her
motion to transfer venue before it convened a hearing upon and resolved Amos' motion
to enforce. Rather, according to the sparse record before us, she announced that she was
"ready" to proceed when the matter was called for hearing. In other words, the record
indicates that she apparently chose to submit herself to the trial and resolution of the very
proceeding that spawned her request to transfer. Simply put, and given the tenor of the
brief record before us, the trial court could very well have held that Lambdin waived her
venue complaint. (4)


 Third, a petition for writ of mandamus is generally unavailable as a means of
reviewing decisions regarding venue. In re Kramer, 9 S.W.3d 449, 450 (Tex. App.-San
Antonio 1999, orig. proceeding); Scanio v. McFall, 877 S.W.2d 888, 891 n.3 (Tex.
App.-Amarillo 1994, orig. proceeding). An exception to this rule arises, however, when
the trial court has a mandatory, ministerial duty to transfer the cause and refuses to do so. 
Id.; accord, Proffer v. Yates, 734 S.W.2d 671, 672-73 (Tex. 1987); In re Calderon, 96
S.W.3d 711, 715 (Tex. App.-Tyler 2003, orig. proceeding). Lambdin attempts to fit her
situation within the scope of the exception by contending that transfer was mandatory per
§155.201(b) of the Texas Family Code. According to that provision, 

 [i]f a suit to modify or a motion to enforce an order is filed in the court having
continuing, exclusive jurisdiction of a suit, on the timely motion of a party the
court shall transfer the proceeding to another county . . . if the child has
resided in the other county for six months or longer. 


Tex. Fam. Code Ann. §155.201(b) (Vernon 2002) (emphasis added). Admittedly, this
provision mandates the transfer of a suit to modify or motion to enforce when the stated
condition has been met. And, because it mandates transfer, its violation may be corrected
through a petition for writ of mandamus. Proffer v. Yates, supra; In re Calderon, supra; In
re Kramer, supra. 

 Yet, the record at bar illustrates that more than either a motion to modify or one to
enforce a prior order was pending before the trial court. Quite the contrary, Lambdin first
petitioned for a modification of the divorce decree in November of 2002. In response,
Amos not only joined issue by way of an answer but also himself petitioned for a
modification of the decree. Then, he moved the trial court to enforce its prior order
regarding visitation by holding his ex-wife in contempt. Consequently, what the trial court
had pending before it was a suit to modify followed by a subsequent motion to enforce. 
Statute provides that "if a suit to modify or a motion to enforce an order is pending at the
time a subsequent suit to modify or motion to enforce is filed, [then] the court may transfer
the proceeding as provided by Subsection (b) [of §155.201] only if the court could have
transferred the proceeding at the time the first motion or suit was filed." Tex. Fam. Code
Ann. §155.201(c) (Vernon 2002). Given the wording of this statute and the existence of
a pending suit to modify followed by a later motion to enforce, the circumstances before
the trial court at bar were not encompassed by §155.201(b) of the Family Code but rather
§155.201(c). 

 Moreover, in describing the obligation, if any, to transfer imposed by §155.201(c),
the legislature used the word "may." This differs from its description of the obligation to
transfer imposed by §155.201(b); there it used the word "shall." (5) Thus, it took care to
distinguish between the obligations imposed by the two provisions. And, we can readily
see why. In a situation encompassed by §155.201(c), the trial court has before it an
ongoing suit or proceeding through which the litigants have submitted themselves to the
trial court's authority (assuming that no one previously sought a transfer of venue) when
the second suit or proceeding begins. However, in a situation encompassed by
§155.201(b), both parties have not effectively submitted themselves to the jurisdiction of
the trial court through their involvement in a prior, yet pending, action. Thus, it is both
logical and practical for the legislature to have treated the situation encompassed by
§155.201(c) differently from that encompassed by §155.201(b) in effort to avoid
interference with or delay in the prosecution of an ongoing suit. Given this, it is also
logical to construe the word "may" as vesting the trial court with some range of
permissiveness or discretion when deciding whether to transfer proceedings encompassed
by §155.201(c). See In re Estate of Minnick, 653 S.W.2d 503, 508 (Tex. App.-Amarillo
1983, no writ) (stating that the term "may" generally creates a discretionary and not a
mandatory function). (6) 

 Finally, because we interpret the word "may," as used in §155.201(c), as vesting the
trial court with discretion, the trial court at bar did not have a mandatory duty to transfer
the cause, as did the trial courts in Kramer, Proffer, and Calderon. And, because it did not
have such a duty, we cannot say that the situation before us falls within the exception to
the general rule against invoking the extraordinary relief of mandamus as a means of
reviewing venue issues. 

 Accordingly, the petition for writ of mandamus is denied.


 Brian Quinn

 Justice

 
1. Via her petition for mandamus relief, Lambdin now requests that the entire cause (i.e. the
proceedings commenced by both the motion to enforce and motion to modify) should be transferred.
2. Since Lambdin did not provide us with a transcript of the contempt hearing, the information about
the parties appearing through counsel and announcing ready was taken from the "Order Holding Respondent
in Contempt," signed by the trial court on February 7, 2003. See Alcantar v. Oklahoma Nat'l Bank, 47
S.W.3d 815, 823 (Tex. App.--Fort Worth 2001, no pet.) (stating that recitals in a judgment are presumed
correct, which presumption may be rebutted when there exists a conflict between the judgment and the
record.)
3. Additionally, in response to the allegation of Amos that Lambdin waived her venue motion by
announcing "ready," Lambdin did not assert that she objected to the trial court entertaining the motion to
enforce before resolving the venue dispute.
4. The trial court did not specify the particular ground or reason why it denied the motion to transfer.
5. The word "shall" was also used when describing the obligation to transfer created by §155.201(a)
of the Family Code.
6. To do otherwise, that is, to interpret "may" as mandating a transfer of venue would effectively
deprive the trial court of its ability to avoid interference with and a delay in resolving a previously pending
and ongoing suit.