NO. 07-03-0328-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

AUGUST 20, 2003
_____

In re ELIZABETH ANN LAMBDIN,

Relator
_____

***Original Proceeding***
_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

Pending before the court is the petition for a writ of mandamus filed by Elizabeth Ann Lambdin (Lambdin). She requests that we order the Honorable John Board, 181st Judicial District, "to transfer the subject action to Collin County" and "rescind its order of Contempt because such court did not have jurisdiction to enter such an order." The dispute arose from the trial court's denial of Lambdin's motion to transfer venue. The latter was tendered in response to the filing by her ex-husband, Brandon Andrew Amos (Amos), of a motion to enforce a prior court order regarding his visitation rights. We deny the petition.

***Background***

According to the record before us (which record omits a transcription of the evidentiary hearing conducted upon the motion to transfer), Lambdin and Amos are the

parents of two children. Upon dissolution of their marriage in May of 2001, the trial court appointed both parents as joint managing conservators of their children. Approximately 17 months passed after the divorce when, on November 22, 2002, Lambdin petitioned the 181st Judicial District Court of Randall County to modify the parent/child relationship between Amos and his children. Amos joined issue on December 23, 2002, by filing both an answer to the petition and a document entitled "Counter-Petition to Modify Parent-Child Relationship." So too did he tender to the clerk a third document entitled "Motion for Enforcement and Order to Appear." However, the exact date on which he tendered the third document is unclear for the district clerk's file-mark appearing on the copy given to us is illegible. Nonetheless, it is certain that he did so by January 3, 2003, since that is the date on which the trial court signed an order setting January 31, 2003, as the date on which the motion would be heard.

Next, on January 13, 2003, Lambdin tendered her first amendment to her petition to modify the parent-child relationship. Then, on January 27, 2003, she filed the motion to transfer venue alluded to in the opening paragraph of this opinion. The item was submitted by Lambdin *pro se*, and therein, she requested the trial court to "transfer this proceeding in accordance with the allegations of this motion." Whether the "proceeding" to which she referred was that commenced in January of 2003 by the motion to enforce or that initiated in November of 2002 by her motion to modify went unexplained.[1] Nor did she

---

[1]Via her petition for mandamus relief, Lambdin now requests that the entire cause (*i.e.* the proceedings commenced by both the motion to enforce and motion to modify) should be transferred.

2

clarify the matter via her "First Amended Motion to Transfer Venue," filed on February 7, 2003. Again, Lambdin simply asked that "this proceeding" be transferred.

Though on file, the motion to transfer was not the first motion to be addressed by the trial court. Instead, it convened a hearing upon the motion to enforce on January 31, 2003. Furthermore, each party appeared in person and through their respective legal counsel.[2] Nothing of record illustrates that Lambdin urged, at the hearing, her pending motion to transfer venue or otherwise objected to the trial court proceeding with the hearing on the motion to enforce. Instead, the trial court noted in its "Order Holding Respondent in Contempt" (signed on February 7, 2003) that she and her counsel "announced ready for trial."[3] Via that order, the trial court also held her in contempt, after stating that it heard the evidence offered by the parties.

No hearing was convened upon the motion to transfer venue until March 25, 2003. Though we have no transcript of the evidence or argument presented at that proceeding, the trial court stated in its ensuing order that it heard the "evidence and argument of counsel." So too did it deny the motion via the same order. The latter was signed on April 9, 2003. Lambdin petitioned this court for relief from that order on July 24, 2003.

### *Analysis*

---

[2]Since Lambdin did not provide us with a transcript of the contempt hearing, the information about the parties appearing through counsel and announcing ready was taken from the "Order Holding Respondent in Contempt," signed by the trial court on February 7, 2003. *See Alcantar v. Oklahoma Nat'l Bank*, 47 S.W.3d 815, 823 (Tex. App.--Fort Worth 2001, no pet.) (stating that recitals in a judgment are presumed correct, which presumption may be rebutted when there exists a conflict between the judgment and the record.)

[3]Additionally, in response to the allegation of Amos that Lambdin waived her venue motion by announcing "ready," Lambdin did not assert that she objected to the trial court entertaining the motion to enforce before resolving the venue dispute.

3

We first address the allegation that we should order the trial court to rescind its February 7th order holding Lambdin in contempt. Such is required, according to Lambdin, because the trial court had no jurisdiction to entertain the motion. Furthermore, it allegedly had no jurisdiction because §155.206(d) of the Texas Family Code deprived it of same. We disagree.

Section 155.206(d) states that "after the transfer" of a cause to another court, the transferring court loses not only jurisdiction over the child but also jurisdiction "to enforce its order for a violation occurring before or after the transfer of jurisdiction." TEX. FAM. CODE ANN. §155.206(d) (Vernon 2002). As can be seen, the loss of jurisdiction is expressly conditioned upon the transfer of the cause. In other words, jurisdiction of the initial or transferring court is not extinguished until the cause is transferred. So, since the cause at bar was never transferred elsewhere, §155.206(d) did not deprive the trial court of jurisdiction to consider the motion to enforce or hold Lambdin in contempt. *See Grozier v. L-B Sprinkler & Plumbing Repair*, 744 S.W.2d 306, 312 (Tex. App.–Fort Worth 1988, writ denied) (holding that the trial court had jurisdiction to rule on a summary judgment motion even though a motion to transfer venue pended before it).

Next, we address whether Lambdin is entitled to relief (via a writ of mandamus) from the trial court's decision to deny the motion to transfer venue. We conclude that she is not for the following reasons. First, one (such as Lambdin) seeking extraordinary relief under Rule 52 of the Texas Rules of Appellate Procedure must accompany the petition with either an authenticated transcript of any relevant testimony from any underlying proceeding or a statement that no testimony was adduced in connection with the matter.

4

TEX. R. APP. P. 52.7(a)(2). In absence of such a transcript, the court considering the petition for extraordinary relief presumes that there existed evidence to support the trial court's decision. *Ex parte King*, 819 S.W.2d 944, 946 (Tex. App.–Houston [14th Dist.] 1991) (original proceeding involving a petition for writ of habeas corpus). Here, the trial court disclosed, via its order denying the motion to transfer, that it considered evidence presented to it. Yet, Lambdin provided us with no record of that evidence. Similarly absent is a statement by Lambdin that no testimony or evidence was presented to the trial court. Consequently, Lambdin failed to comply with Rule 52.7(a)(2), and we presume that the trial court had before it evidence to support its decision.

Second, Amos contended that Lambdin waived her complaint about venue by announcing "ready" at the January 31st hearing on the motion to enforce. It is well-settled that complaints about venue may be waived expressly or impliedly. The latter occurs when the party takes some action inconsistent with its position on the venue issue. *Grozier v. L-B Sprinkler & Plumbing Repair*, 744 S.W.2d at 310. An example of such action is submitting oneself to trial without insisting that the trial court first address a pending venue motion. *Gentry v. Tucker*, 891 S.W.2d 766, 768 (Tex. App.–Texarkana 1995, no writ). Here, nothing of record indicates that Lambdin insisted that the trial court consider her motion to transfer venue before it convened a hearing upon and resolved Amos' motion to enforce. Rather, according to the sparse record before us, she announced that she was "ready" to proceed when the matter was called for hearing. In other words, the record indicates that she apparently chose to submit herself to the trial and resolution of the very proceeding that spawned her request to transfer. Simply put, and given the tenor of the

5

brief record before us, the trial court could very well have held that Lambdin waived her venue complaint.[4]

Third, a petition for writ of mandamus is generally unavailable as a means of reviewing decisions regarding venue. *In re Kramer*, 9 S.W.3d 449, 450 (Tex. App.–San Antonio 1999, orig. proceeding); *Scanio v. McFall*, 877 S.W.2d 888, 891 n.3 (Tex. App.–Amarillo 1994, orig. proceeding). An exception to this rule arises, however, when the trial court has a mandatory, ministerial duty to transfer the cause and refuses to do so. *Id.*; *accord, Proffer v. Yates*, 734 S.W.2d 671, 672-73 (Tex. 1987); *In re Calderon*, 96 S.W.3d 711, 715 (Tex. App.–Tyler 2003, orig. proceeding). Lambdin attempts to fit her situation within the scope of the exception by contending that transfer was mandatory per §155.201(b) of the Texas Family Code. According to that provision,

> [i]f a suit to modify or a motion to enforce an order is filed in the court having continuing, exclusive jurisdiction of a suit, on the timely motion of a party the court *shall* transfer the proceeding to another county . . . if the child has resided in the other county for six months or longer.

TEX. FAM. CODE ANN. §155.201(b) (Vernon 2002) (emphasis added). Admittedly, this provision mandates the transfer of a suit to modify or motion to enforce when the stated condition has been met. And, because it mandates transfer, its violation may be corrected through a petition for writ of mandamus. *Proffer v. Yates, supra*; *In re Calderon*, *supra*; *In re Kramer*, *supra*.

---

[4]The trial court did not specify the particular ground or reason why it denied the motion to transfer.

6

Yet, the record at bar illustrates that more than either a motion to modify or one to enforce a prior order was pending before the trial court. Quite the contrary, Lambdin first petitioned for a modification of the divorce decree in November of 2002. In response, Amos not only joined issue by way of an answer but also himself petitioned for a modification of the decree. Then, he moved the trial court to enforce its prior order regarding visitation by holding his ex-wife in contempt. Consequently, what the trial court had pending before it was a suit to modify followed by a subsequent motion to enforce. Statute provides that "if a suit to modify or a motion to enforce an order is pending at the time a subsequent suit to modify or motion to enforce is filed, [then] the court *may* transfer the proceeding as provided by Subsection (b) [of §155.201] only if the court could have transferred the proceeding at the time the first motion or suit was filed." TEX. FAM. CODE ANN. §155.201(c) (Vernon 2002). Given the wording of this statute and the existence of a pending suit to modify followed by a later motion to enforce, the circumstances before the trial court at bar were not encompassed by §155.201(b) of the Family Code but rather §155.201(c).

Moreover, in describing the obligation, if any, to transfer imposed by §155.201(c), the legislature used the word "may." This differs from its description of the obligation to transfer imposed by §155.201(b); there it used the word "shall."[5] Thus, it took care to distinguish between the obligations imposed by the two provisions. And, we can readily see why. In a situation encompassed by §155.201(c), the trial court has before it an

---

[5]The word "shall" was also used when describing the obligation to transfer created by §155.201(a) of the Family Code.

7

ongoing suit or proceeding through which the litigants have submitted themselves to the trial court's authority (assuming that no one previously sought a transfer of venue) when the second suit or proceeding begins. However, in a situation encompassed by §155.201(b), both parties have not effectively submitted themselves to the jurisdiction of the trial court through their involvement in a prior, yet pending, action. Thus, it is both logical and practical for the legislature to have treated the situation encompassed by §155.201(c) differently from that encompassed by §155.201(b) in effort to avoid interference with or delay in the prosecution of an ongoing suit. Given this, it is also logical to construe the word "may" as vesting the trial court with some range of permissiveness or discretion when deciding whether to transfer proceedings encompassed by §155.201(c). *See In re Estate of Minnick*, 653 S.W.2d 503, 508 (Tex. App.–Amarillo 1983, no writ) (stating that the term "may" generally creates a discretionary and not a mandatory function).[6]

Finally, because we interpret the word "may," as used in §155.201(c), as vesting the trial court with discretion, the trial court at bar did not have a mandatory duty to transfer the cause, as did the trial courts in *Kramer*, *Proffer*, and *Calderon.* And, because it did not have such a duty, we cannot say that the situation before us falls within the exception to the general rule against invoking the extraordinary relief of mandamus as a means of reviewing venue issues.

Accordingly, the petition for writ of mandamus is denied.

---

[6]To do otherwise, that is, to interpret "may" as mandating a transfer of venue would effectively deprive the trial court of its ability to avoid interference with and a delay in resolving a previously pending and ongoing suit.

Brian Quinn
Justice