NO. 07-03-0475-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

FEBRUARY 2, 2004

_____

IN RE CHAD CLIFTON MAGEE, RELATOR

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Relator Chad Clifton Magee seeks a writ of mandamus directing the Honorable Tom Neely, District Judge for the 46th Judicial District, to vacate an Order of Transfer dated September 4, 2003 and to enter an order denying Kristi Magee's Motion to Transfer Venue.

Relator and Kristi Magee[1] were divorced by the 46th District Court on September 25, 2002 after a trial before a jury. They were named joint managing conservators of their two children, with Kristi having the right to establish the residence of the children. The jury findings required the children's residence to be established in Wilbarger or contiguous counties. On June 11, 2003 the court ruled on relator's Motion for Enforcement and Kristi's Motion to Extend Time. The court signed an order denying relator's motion to hold Kristi

_____

[1]Hereafter Chad Clifton Magee will be referred to as relator and Kristi Magee will be referred to as Kristi.

in contempt, and ordering Kristi to establish the children's residence in Wilbarger or contiguous counties no later that twenty days from the date she received her share of a 401(k) from her former husband's employment.

Kristi received the funds from relator's 401(k) on April 28, 2003. On June 23, 2003 she filed a Petition to Modify the Parent-Child Relationship, a Motion for Appointment of Receiver and Clarification and a Motion to Transfer Venue. Her motion to transfer venue, based on section 155.201(b) of the Texas Family Code, stated that the children of the marriage had resided in Montgomery County, Texas, for at least six months prior to the filing of the motion and that transfer to Montgomery County was required under section 155.201(b). Tex. Fam. Code Ann. § 155.201(b) (Vernon 2002). Relator filed a controverting affidavit on July 14, 2003. Tex. Fam. Code Ann. § 155.204(b). On July 24, 2003 he filed a Motion for Enforcement requesting Kristi be held in contempt for failing to relocate the children to Wilbarger or contiguous counties as ordered.

An evidentiary hearing was held on Kristi's motion to transfer venue on August 8, 2003. At the hearing relator did not dispute that Kristi and the children had lived in Montgomery County from May 12, 2002 to the date of the hearing. The court entered an order on September 4, 2003, transferring the suit to Montgomery County. Relator seeks a writ of mandamus directing the trial court to vacate the order of transfer.

Relator asserts that sections 105.002(c)(1)(D) and (d) of the Texas Family Code do not allow the court to contravene the jury's verdict restricting the children's residence and

domicile to Wilbarger county and contiguous counties.[2] Section 105.002 reads, in relevant part:

> (c) In a jury trial (1) a party is entitled to a verdict by the jury on the issues of . . . ( D) the determination of the primary residence of the child. . . . (d) The court may not contravene a jury verdict on an issue submitted under Subsection (c)(1). . . .

Tex. Fam. Code Ann. § 105.002(c)(1)(D) and (d) (Vernon 2002). The divorce decree contains provisions establishing the geographical area for the children's primary residence in accord with the jury's determination. The court's September 4 order transferred venue of the proceeding, but did not modify the decree.

Relator contends that the court's order of transfer impermissibly nullifies the jury's determination of the children's residence. We disagree. Relator confuses transfer of venue with a modification of the terms of the divorce decree. If a suit to modify or a motion to enforce an order is filed in the court having continuing exclusive jurisdiction over the suit and a party makes a timely motion to transfer the proceeding to another county in this state, transfer is a mandatory ministerial duty if the child has resided in the other county for six months or longer. Tex. Fam. Code Ann. § 155.201(b). *Proffer v. Yates*, 734 S.W.2d 671, 673 (Tex. 1987) (referring to section 11.06, the predecessor to section 155.201).

When a suit affecting a parent-child relationship is transferred, all the proceedings are continued as if they were brought originally in the court to which it is transferred. Tex.

---

[2]Section 105.002 was modified effective September 1, 2003. Because this suit was filed before the effective date, it is governed by the law in effect on the date that suit was filed.

Fam. Code Ann. § 155.206(a). The judgment or order transferred has the same effect as when it was originally rendered and must be enforced just as it would have been in the originating court. Tex. Fam. Code Ann. § 155.206(b). The court to which the proceeding is transferred is required to enforce judgments or orders of the transferring court and has the power to punish disobedience of orders issued by the transferring court, whether they occurred before or after the transfer. Tex. Fam. Code. Ann. § 155.206(c) and (d). Both parties may pursue their pending motions in Montgomery County. *See In re Kramer,* 9 S.W.3d 449, 451 (Tex.App.–1999, orig. proceeding).

Relator, relying on *In re C.R.O.*, 96 S.W.3d 442, 447 (Tex.App.–Amarillo 2002, no writ) asserts that transferring the case also undermines the public policy of the State of Texas which encourages frequent contact of children with their parents and encourages parents to share in the rights and duties of raising their children. Tex. Fam. Code Ann. § 153.001(a). *In re C.R.O.* did not concern a mandatory transfer within the State of Texas. It involved the effort of a father to prohibit his wife from moving from Texas to Hawaii with their two children. The court designated the residence of the children as Fort Bend County, Texas and contiguous counties, subject to the father maintaining his residence in those counties. The court found that allowing the children to move to Hawaii would have severely impacted their relationship with their father due to the long distance involved. We do not find the facts and issues presented to the court in *In re C.R.O.* relevant to this case.

It is relator's burden to establish he is entitled to the relief being requested. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992)*; see Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985). Relator has failed to meet that burden. The trial court

performed a mandatory ministerial duty in ordering the proceedings transferred to Montgomery County. The request for a writ of mandamus is denied.


James T. Campbell
Justice