# NO. 12-13-00342-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *MICHAEL WAYNE FALKNER,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

Relator Michael Wayne Falkner filed a petition for a writ of mandamus directing the trial court to vacate its November 8, 2013 order transferring an original suit affecting parent-child relationship. Relator also requests that the trial court be directed to provide him notice of hearing, an opportunity to be heard, and an opportunity to respond to the motion to transfer. The respondent is the Honorable Derek C. Flournoy, Judge of the County Court at Law Number 2, Angelina County, Texas. We conditionally grant mandamus relief.

## BACKGROUND

On October 24, 2013, Relator filed a petition in a suit affecting the parent-child relationship alleging his child lived in Angelina County. On November 7, 2013, the real party in interest, Charlotte Mae Pierce (Real Party), filed an original answer and a motion to transfer venue to Nacogdoches County. She alleged in her motion that "[a]t the time the suit was filed, the child's current residence was in Nacogdoches, Texas." The record indicates the motion to transfer was sent to Relator's counsel on November 7, 2013. The next day, November 8, Respondent signed an order transferring the case to Nacogdoches County. Relator then filed this original proceeding. He also filed a motion for an emergency stay, which we granted until further order of this court.

Mandamus will issue only to correct a clear abuse of discretion for which the relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am*., 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). "A trial court has no 'discretion' in determining what the law is or applying the law to the facts," and "a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). Transfer procedures under the Texas Family Code are the exclusive mechanism for transferring suits affecting the parent-child relationship. *In re Nabors*, 276 S.W.3d 190, 194 (Tex. App.–Houston [14th Dist.] 2009, orig. proceeding). While appellate courts will not generally issue writs of mandamus to correct erroneous venue decisions, they may do so in suits affecting the parent-child relationship. *In re Kramer*, 9 S.W.3d 449, 450 (Tex. App.–San Antonio 1999, orig. proceeding). Therefore, we consider only whether Relator has shown the trial court abused its discretion.

## AVAILABILITY OF MANDAMUS

Subject to certain exceptions not applicable here, an original suit affecting the parent-child relationship (SAPCR) must be filed in the county where the child resides. TEX. FAM. CODE ANN. § 103.001(a) (West 2008). If venue is improper in the court in which an original SAPCR is filed, the trial court must transfer the suit to a county of proper venue "on the timely motion of a party other than the petitioner." *Id*. § 103.002(a) (West 2008). The procedures in Texas Family Code Chapter 155 apply to a transfer of an original SAPCR. *Id*. § 103.002(c) (West 2008); *see id*. §§ 155.001-.301 (West 2008) (Texas Family Code Chapter 155 pertaining to transfers of continuing, exclusive jurisdiction).

The method and time frame for opposing a motion to transfer an original SAPCR are as follows:

> (c) If a timely motion to transfer has been filed and no controverting affidavit is filed within the period allowed for its filing, the proceeding shall, not later that the 21st day after the final date of the period allowed for the filing of a controverting affidavit, be transferred without a hearing to the proper court.
>
> (d) On or before the first Monday after the 20th day after the date of notice of a motion to transfer is served, a party desiring to contest the motion must file a controverting affidavit denying that grounds for the transfer exist.

*Id*. § 155.204(c), (d) (West 2008).

Real Party was served with citation in the original SAPCR on November 7, 2013. On the same date, she filed an original answer and a motion to transfer venue to Nacogdoches County. The trial court was thus required by statute to allow Relator until December 2, 2013, to file a controverting affidavit. *See id*. § 155.204(d); *see also* **In re T.L.B.**, No. 07-06-00371-CV, 2007 WL 763802, at *2-3 (Tex. App.–Amarillo Mar. 14, 2007, no pet.) (mem. op.) (reversing transfer order where signed before statutory time frame expired for filing controverting affidavit (section 155.204(d)) and no notice of transfer given (section 155.207(c)). However, on November 8, 2013, the trial court signed an order granting Real Party's motion to transfer venue. Because the trial court did not allow Relator the time prescribed in Section 155.204(d) for filing a controverting affidavit, its order granting Real Party's motion and transferring the case to Nacogdoches County constitutes an abuse of discretion.

## CONCLUSION

We have determined the trial court abused its discretion in granting Real Party's motion to transfer venue without affording Relator the opportunity to file a controverting affidavit. Accordingly, we **conditionally grant** the petition for writ of mandamus. We direct Respondent to (1) vacate the November 8, 2013 order granting Real Party's motion to transfer venue and transferring the case to Nacogdoches County and (2) to conduct further proceedings in compliance with Section 155.204 after giving Relator the time required under the statute for filing a controverting affidavit calculated from the date Real Party's motion was filed, November 7, 2013, excluding the time the instant proceeding has been pending. If Respondent fails to issue an order vacating the November 8, 2013 order **within twenty (20) days** of this opinion and order, we will issue a writ of mandamus.

JAMES T. WORTHEN
Chief Justice

Opinion delivered December 20, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 20, 2013**

**NO. 12-13-00342-CV**

**MICHAEL WAYNE FALKNER,**
Relator
v.
**HON. DEREK C. FLOURNOY**,
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by **MICHAEL WAYNE FALKNER**, who is the relator in Cause No.CV-02730-13-10, pending on the docket of the County Court at Law #2 of Angelina County, Texas. Said petition for writ of mandamus having been filed herein on November 15, 2013, and the same having been duly considered, because it is the opinion of this Court that the petition is meritorious, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, **conditionally granted**.

And because it is further the opinion of this Court that the trial judge will act promptly and issue an order vacating its November 8, 2013 order granting Charlotte Mae Pierce's motion to transfer venue, the writ will not issue unless the Honorable Derek C. Flournoy, Judge of the County Court at Law #2 of Angelina County, Texas, fails to do so **within twenty (20) days** from the date of this order.

IT IS FURTHER ORDERED that Respondent shall conduct further proceedings in compliance with Section 155.204 after giving Relator the time required under the statute for filing a controverting affidavit calculated from the date Charlotte Mae Pierce's motion to transfer venue was filed, November 7, 2013, excluding the time the instant proceeding has been pending.

It is further ORDERED that **CHARLOTTE MAE PIERCE** pay all costs incurred by reason of this proceeding**.**

James T. Worthen, Chief Justice.

*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

5