In re John W. HATTENBACH, Relator.

No. 10–99–154–CV.

Court of Appeals of Texas, Waco.

Sept. 22, 1999.

Hubert Phil Isaacks, John Wesley Hattenbach, Rockport, for Relator.

Robert F. Salter, Salter & Thetford, Gatesville, for Real Parties In Interest.

Susan R. Stephens, Gatesville, for Respondent.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY .

## O P I N I O N

REX D. DAVIS, Chief Justice.

Relator John W. Hattenbach brings this action requesting a writ of mandamus against Respondent, the Honorable Susan R. Stephens, Judge of the County Court at Law of Coryell County. Hattenbach seeks relief from Respondent's order dismissing the custody portion of his motion to modify a 1996 divorce decree in favor of a similar proceeding pending in the State of Florida.

In the original divorce decree, Respondent appointed Hattenbach and his former wife Michelle as joint managing conservators of their two daughters and decreed that Michelle would determine the daughters' primary residence. Hattenbach moved to Bexar County in February 1998 and then to Aransas County in March 1999. Michelle and the daughters moved to Florida in September 1998.

Hattenbach filed a motion in December 1998 requesting a modification of both the custody and support provisions of the divorce decree. He simultaneously filed a motion to transfer the proceedings to Bexar County. Michelle responded with a general denial and an affidavit controverting Hattenbach's motion to transfer by asserting that Respondent's court was the court with continuing exclusive jurisdiction over the case because the children had resided in Florida for less than six months.

On April 21, 1999, Michelle filed a motion to transfer the custody portion of the dispute to Florida because it would be a more convenient forum. According to Hattenbach's mandamus petition, Michelle filed a custody proceeding in Florida the next day. On May 7, Respondent heard both parties' motions to transfer.

Respondent entered an order on May 27 dismissing the custody portion of the proceedings. The order states in pertinent part:

> The Court finds that it has the authority under Section 152.007 of the Texas Family Code to modify the Decree as to custody or may decline to exercise its jurisdiction any time before making a decree if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum. The Court

specifically finds that the State of Florida has a closer connection with the children and the children's environment and has significant evidence concerning their present care, protection and personal relationship and therefore this Court declines to exercise its jurisdiction and ORDERS that the Motion to Modify Custody heretofore filed by JOHN W. HATTENBACH on December 14, 1998, is hereby dismissed.

The court entered an order on June 15 transferring the support portion of the dispute to Aransas County.[1]

■ Hattenbach can obtain mandamus relief only upon showing that the trial court committed a clear abuse of discretion and that he has no adequate legal remedy. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992) (orig.proceeding). To demonstrate a clear abuse of discretion, Hattenbach must show "that the trial court could reasonably have reached only one decision." *Id.* at 840. Even if we would have decided the matter differently, we "cannot disturb the trial court's decision unless it is shown to be arbitrary and unreasonable." *Id.*

■ The Uniform Child Custody Jurisdiction Act (the "UCCJA") and the Uniform Interstate Family Support Act (the "UIFSA") govern this case. Both Texas and Florida have adopted these uniform acts.[2]

Both states' versions of the UCCJA provide that a court with jurisdiction to decide a custody case "may decline to exercise its jurisdiction any time before making a decree if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum." Act of April 6, 1995, 74th Leg., R.S., ch. 20, § 1, sec. 152.007(a), 1995 Tex. Gen. Laws 113, 143, *amended by* Uniform Child Custody Jurisdiction and Enforcement Act, 76th Leg., R.S., ch. 34, 1999 Tex. Sess. Law Serv. 52 (Vernon); FLA. STAT. ANN. § 61.1316(1) (West 1997). Both also provide that "[i]f the court finds that it is an inconvenient forum and that a court of another state is a more appropriate forum, it may dismiss the proceedings." Act of April 6, 1995, 74th Leg., R.S., ch. 20, § 1, sec. 152.007(e), 1995 Tex. Gen. Laws 113, 143 (amended 1999); FLA. STAT. ANN. § 61.1316(5) (West 1997).

Section 152.007(c) of the Texas UCCJA requires the court to "consider whether it is in the best interest of the child[ren] that another state assume jurisdiction" when deciding whether the other state is a more appropriate forum.[3] Act of April 6, 1995, 74th Leg., R.S., ch. 20, § 1, sec. 152.007(c), 1995 Tex. Gen. Laws 113, 143 (amended 1999). Respondent could have considered the fact that the children reside in Florida with Michelle as a relevant factor for de-

**1.** Although Hattenbach filed this proceeding on June 15, this Court's resolution of the matter has been delayed due to an indigence contest which we referred to Respondent for resolution. *See* TEX.R.APP. P. 20.1(h)(4). After granting Hattenbach's motion to continue the hearing on the contest, Respondent heard the contest on August 13. Respondent sustained the contest by written order that same date. The clerk filed a supplemental record with this Court containing the pleadings and orders relating to the contest on August 17.

**2.** Texas recently adopted the Uniform Child Custody Jurisdiction and Enforcement Act to replace the Uniform Child Custody Jurisdiction Act. *See* Uniform Child Custody Jurisdiction and Enforcement Act, 76th Leg., R.S., ch. 34, 1999 Tex. Sess. Law Serv. 52 (Vernon) (to

be codified at TEX. FAM.CODE ANN. §§ 152.001—152.317). This new act does not apply to Hattenbach's case however, because it applies only to custody proceedings commenced on or after September 1, 1999. *See* Uniform Child Custody Jurisdiction and Enforcement Act, 76th Leg., R.S., ch. 34, § 2, 1999 Tex. Sess. Law Serv. 52, 70. Nevertheless, the new act contains an "inconvenient forum" provision which is substantially similar to the one in the former act. *See* Uniform Child Custody Jurisdiction and Enforcement Act, 76th Leg., R.S., ch. 34, § 1, sec. 152.207, 1999 Tex. Sess. Law Serv. 52, 57–58 (to be codified at TEX. FAM.CODE ANN. § 152.207).

**3.** The Florida statute omits the word "best." FLA. STAT. ANN. § 61.1316(3) (West 1997).

termining whether it would be in the children's best interest for a Florida court to decide the custody matter. Therefore, we cannot say that Respondent "could reasonably have reached only one decision" in deciding that Florida is the more appropriate forum for this custody proceeding. *Walker,* 827 S.W.2d at 840.

Both the Texas and Florida versions of the UIFSA provide that a court which issues a child support order retains continuing, exclusive jurisdiction over that order "as long as this state remains the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued." TEX. FAM.CODE ANN. § 159.205(a)(1) (Vernon Supp.1999); FLA. STAT. ANN. § 88.2051(1)(a) (West Supp. 1998). The only exception occurs when all parties file written consent for the court of another state to exercise jurisdiction. TEX. FAM.CODE ANN. § 159.205(a)(2) (Vernon Supp.1999); FLA. STAT. ANN. § 88.2051(1)(b) (West Supp.1998). Section 155.301(a) of the Texas Family Code requires a court to transfer a support proceeding to the county of residence of the party who is a Texas resident if all other parties reside outside of Texas. TEX. FAM.CODE ANN. § 155.301(a) (Vernon 1996).

Under section 159.205(a) of the UIFSA, Respondent had no discretion but to retain the support portion of the proceedings in Texas because the parties did not agree otherwise. *See* TEX. FAM.CODE ANN. § 159.205(a); FLA. STAT. ANN. § 88.2051(1). Under section 155.301(a) of the Family Code, she had no discretion but to transfer the support portion of the proceedings to Aransas County because that is the county of residence of the only Texas resident who is a party to the proceedings. *See* TEX. FAM.CODE ANN. § 155.301(a).

█ By adopting these uniform acts, the legislature has created an unsatisfactory situation in which a suit affecting a parent-child relationship is severed into parallel proceedings in different states. However, any remedy for this awkward result must come from the legislature, not the courts. As the Supreme Court has reiterated "many times":

> Courts must take statutes as they find them. More than that, they should be willing to take them as they find them. They should search out carefully the intendment of a statute, giving full effect to all of its terms. But they must find its intent in its language and not elsewhere....

*RepublicBank Dallas, N.A. v. Interkal, Inc.,* 691 S.W.2d 605, 607 (Tex.1985) (quoting *Simmons v. Arnim,* 110 Tex. 309, 324, 220 S.W. 66, 70 (1920)); *accord St. Luke's Episcopal Hosp. v. Agbor,* 952 S.W.2d 503, 505 (Tex.1997).

Hattenbach has failed to show that Respondent "could reasonably have reached only one decision." *Walker,* 827 S.W.2d at 840. Thus, no clear abuse of discretion is shown. *See id.* Accordingly, we deny his petition for mandamus relief.