**In re George A. CASSEB.**

**No. 04–03–00489–CV.**

Court of Appeals of Texas, San Antonio.

Aug. 27, 2003.

Kathleen Collins, Collins & Associates, Galveston, for appellant.

Sam C. Bashara, Law Offices of Sam C. Bashara, P.C., San Antonio, for appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice.

## OPINION

Opinion by ALMA L. LÓPEZ, Chief Justice.

George A. Casseb ("George") seeks mandamus relief from the trial court's order denying George's motion to transfer venue in a child support and child custody modification case. We reverse the portion of the trial court's order denying George's motion to transfer with regard to the child support portion of the proceedings, but we affirm the trial court's order with regard to the child custody portion of the proceedings.

### BACKGROUND

The 285th Judicial District Court of Bexar County, Texas issued a final divorce decree on September 10, 1996. On April 17, 2003, Brenda Jones Casseb ("Brenda") filed a motion to modify, requesting removal of the geographical domicile restriction and an increase in child support. On May 7, 2003, George filed a motion to transfer venue to Galveston County, asserting that Brenda and the children moved to Tennessee in 1998, and George moved to Galveston County in 1996. Brenda responded that she was seeking modification of child support under chapter 156, not chapter 159; therefore, the venue transfer provision in section 155.301

was not applicable. In the alternative, Brenda contended that even if the court transferred the support issue to Galveston County, the domicile and attorneys' fees issues must be severed and retained in Bexar County. The trial court denied the motion to transfer.

### DISCUSSION

"While appellate courts will not generally issue writs of mandamus to correct erroneous venue decisions, they may do so in suits affecting the parent-child relationship." *In re Kramer*, 9 S.W.3d 449, 450 (Tex.App.-San Antonio 1999, orig. proceeding).

Subchapter D of Chapter 155 of the Texas Family Code is entitled "Transfer of Proceedings Within the State When Party or Child Resides Outside the State." Section 155.301(a) provides: "A court of this state with continuing, exclusive jurisdiction over a suit or action for child support under Chapter 159 shall transfer the proceeding to the county of residence of the resident party if one party is a resident of this state and all other parties including the child or all of the children affected by the proceedings reside outside this state." TEX. FAM.CODE ANN. § 155.301 (Vernon 2002). Brenda contends that section 155.301 is not applicable because she moved to modify under chapter 156, not chapter 159. George contends that section 155.301 is applicable.

The only case addressing venue transfer under section 155.301(a) is *In re Hattenbach*, 999 S.W.2d 636 (Tex.App.-Waco 1999, orig. proceeding). In that case, the father moved to modify both the custody and support provisions of a divorce decree

in December of 1998 and simultaneously filed a motion to transfer the proceedings from Coryell County to Bexar County. The mother filed a motion to transfer the custody portion of the dispute to Florida because Florida would be a more convenient forum. The father had moved to Bexar County in February of 1998 and then to Aransas County in March of 1999. The mother and the children had moved to Florida in September of 1998. The trial court held a hearing in May of 1999, and transferred the custody portion of the dispute to Florida and the support portion of the dispute to Aransas County.

On appeal, the Waco court did not analyze whether the motion to modify was filed under chapter 156 or chapter 159; however, the court reasoned:

> Both the Texas and Florida versions of the UIFSA [Uniform Interstate Family Support Act] provide that a court which issues a child support order retains continuing, exclusive jurisdiction over that order "as long as this state remains the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued." The only exception occurs when all parties file written consent for the court of another state to exercise jurisdiction. Section 155.301(a) of the Texas Family Code requires a court to transfer a support proceeding to the county of residence of the party who is a Texas resident if all other parties reside outside of Texas.

> Under section 159.205(a) of the UIFSA, Respondent had no discretion but to retain the support portion of the proceedings in Texas because the parties did not agree otherwise. Under section 155.301(a) of the Family Code, she had no discretion but to transfer the support portion of the proceedings to Aransas County because that is the county of

residence of the only Texas resident who is a party to the proceedings.

*Id.* at 639 (citations omitted).

Brenda contends that section 155.301 would only apply if Brenda filed a suit or action involving chapter 159 or UIFSA. This court has held that UIFSA applies when a party seeks to modify a support order issued by another state. *Link v. Alvarado,* 929 S.W.2d 674, 676 (Tex.App.-San Antonio 1996, writ dism'd w.o.j.). Since Brenda had not filed any suit in Tennessee to modify the support order issued by Texas, Brenda contends that section 155.301 does not apply. We do not read section 155.301 as narrowly as Brenda.

 We believe section 155.301 was intended to apply whenever child support proceedings should be transferred within Texas because a party or a child resides outside of Texas regardless of whether a motion to modify support references chapter 156 or chapter 159. The phrase, "a court of this state with continuing exclusive jurisdiction over a suit or action for child support under Chapter 159" can be read to mean that if a court in Texas has continuing exclusive jurisdiction over child support issues because section 159.205 of chapter 159 provides that a court in Texas has continuing exclusive jurisdiction, then the transfer provision of 155.301 becomes mandatory. In this case, the court in Bexar County has continuing exclusive jurisdiction over its support order because section 159.205(a) provides that Bexar County has such jurisdiction until no party resides in the state or all parties consent to the transfer of jurisdiction to another state. *See* Tex. Fam.Code Ann. § 159.205(a) (Vernon 2002). Therefore, because a court in this state has continuing exclusive jurisdiction over an action for child support pursuant to section 159.205(a) of chapter 159, section 155.301 applies, making the trans-

fer of the child support proceeding mandatory. Because the transfer of the child support proceeding was mandatory, the trial court abused its discretion in denying the motion to transfer as to the child support portion of the proceeding.

■ With regard to the child custody portion of the proceeding, Bexar County retains jurisdiction until it makes a determination that jurisdiction has been lost under section 152.202. *In re Bellamy*, 67 S.W.3d 482 (Tex.App.-Texarkana 2002, orig. proceeding) (concluding section 152.202 prevailed over conflicting provision in section 155.003 for purposes of determining jurisdiction to resolve custody issues). Accordingly, the trial court did not abuse its discretion in denying the motion to transfer as to the child custody portion of the proceeding.

### CONCLUSION

Because the trial court abused its discretion in denying the motion to transfer as to the child support portion of the proceeding, we conditionally grant the writ of mandamus and direct the trial court to transfer the child support portion of the proceeding to Galveston County. The writ will only issue if the trial court fails to order the transfer within ten days from the date of our opinion and order.