IN RE SGS & EES

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-05-211-CV

IN THE INTEREST OF 

S.G.S AND E.E.S, MINOR CHILDREN

------------

FROM THE 233RD DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Daniel S., pro se, appeals from an order modifying possession, access, and child support concerning the children of Daniel and his former wife, Appellee Leslie U.  We modify in part and affirm as modified.

Background

Daniel and Leslie were divorced in 1996 by decree rendered by the 219th District Court in Collin County.  Two children, S.G.S. and E.E.S., were born to the marriage before the parties divorced.  After the divorce, Leslie and the children moved from Dallas to Kansas City and then to Minneapolis. 

The Collin County court rendered an order modifying possession, access, and child support in 2002.  Under that order, Daniel had the right to choose one weekend per month on which to fly the children to Dallas/Fort Worth for visitation.  The order also provided that Daniel pay $800 per month in child support plus an annual lump sum of $6,600 less travel expenses necessary to exercise possession and visitation with the children. 

In 2004, Leslie filed a motion to modify possession, access, and child support in the Collin County court.  She then filed a motion to transfer venue to Tarrant County under family code section 155.301 because she no longer lived in Texas and Daniel lived in Tarrant County.  The Collin County court granted the motion, and the case was transferred to the 233rd District Court of Tarrant County. 

The Tarrant County court conducted a trial on Leslie’s motion to modify.  Daniel is an airline pilot, and much of the dispute between the parties concerns his ability to obtain free-of-charge, standby airline tickets for the children and his ability to obtain weekends off for visitation.  The trial court entered a new order that granted Leslie possession of the children on the second weekend of each month, granted Daniel possession one weekend per month on the weekend of his choice, and otherwise imposed standard visitation terms.  The trial court also awarded Leslie attorney’s fees, eliminated the lump-sum-less-travel-expenses child support in favor of straight child support of $1,350 per month, and ordered Daniel to pay Leslie $4,649.11 as back child support for past travel expenses disputed by Leslie.  Daniel filed this appeal.

Venue

In his first issue, Daniel argues that the Collin County court erred by transferring the case to Tarrant County under section 155.301(a) of the family code.  Leslie replies that Daniel waived this compliant by failing to seek a writ of mandamus when the Collin County court transferred the case and that the transfer was proper under section 155.301.

We will first address Leslie’s contention that Daniel waived this complaint by failing to seek a writ of mandamus.  Leslie relies on 
Proffer v. Yates
, in which the supreme court held that mandamus relief is available to compel mandatory transfer in suits affecting the parent-child relationship.  734 S.W.2d 671, 672 (Tex. 1987).  Leslie argues that, under 
Proffer
, writ of mandamus was the 
only
 avenue by which Daniel could challenge the transfer.  We disagree.  As the supreme court observed in 
Proffer,
 a remedy by appeal, though often inadequate, is available to a litigant who challenges a transfer in a suit affecting the parent-child relationship.  
Id
. at 673.  We therefore reject Leslie’s argument that mandamus was Daniel’s exclusive remedy.

We turn now to the merits of Daniel’s argument.  Section 155.301(a) provides as follows:

A court of this state with continuing, exclusive jurisdiction over a child custody proceeding under Chapter 152 or a child support proceeding under Chapter 159 shall transfer the proceeding to the county of residence of the resident party if one party is a resident of this state and all other parties including the child or all of the children affected by the proceeding reside outside this state.

Tex. Fam. Code Ann.
 § 155.301(a) (Vernon Supp. 2005).  Chapter 152 is the Uniform Child Custody Jurisdiction & Enforcement Act and governs jurisdiction among Texas and our sister states in child custody cases.  Chapter 159 is the Uniform Interstate Family Support Act and governs jurisdiction among Texas and our sister states in child support proceedings.

Daniel argues that section 155.301(a) does not apply in this case because there was no jurisdictional question between Texas and another state and, thus, the case is not a proceeding under chapter 152 or chapter 159.  We do not read the statute so narrowly.  
See In re Casseb
, 119 S.W.3d 841, 843-44 (Tex. App.—San Antonio 2003, no pet.) (rejecting similar argument concerning section 155.301’s predecessor).  The predicate to applying section 155.301(a) is not whether a proceeding is brought under chapters 152 or 159 but whether the trial court had continuing, exclusive  jurisdiction as defined by those chapters.

Under section 152.202, a court of this state has exclusive continuing jurisdiction over a child custody determination if the court made a child custody determination consistent with section 152.201 or 152.203.  
Tex. Fam. Code Ann.
 § 152.202(a) (Vernon 2002).  Section 152.201 confers jurisdiction to make an initial custody determination on a court of this state when, among other things, Texas is the child’s home state when the proceeding commences.  
Id.
 § 152.201(a)(1) (Vernon 2002).  “Home state” means the state in which a child lived with a parent for six months before the commencement of a child custody proceeding.  
Id
. § 152.102(7) (Vernon 2002).

It is undisputed that the children’s home state was Texas when Leslie filed for divorce.  Thus, the Collin County court’s initial custody determination was consistent with section 152.201, and the court acquired exclusive continuing jurisdiction under section 152.202.  Because the court had exclusive continuing jurisdiction under section 152.202, the transfer provisions of section 155.301(a) applied and the trial court properly transferred the case to Daniel’s county of residence, Tarrant County.  We therefore hold that the Collin County court did not abuse its discretion by transferring the case to Tarrant County under section 155.301, and we overrule Daniel’s first issue.

Child Support Arrearage

In his second issue, Daniel argues that the trial court erred by ordering him to pay Leslie $4,649.11 in child support arrearage because Leslie’s pleading did not support that award.  In 2002, the Collin County court ordered Daniel to pay, in a addition to regular monthly child support, additional child support in a lump sum of $6,600 per year less travel expenses for the exercise of possession and visitation rights related to the children during the previous year. At trial, Leslie disputed $5,208 of the travel expenses claimed by Daniel.  The trial court found that Daniel was $4,649.11 in arrears on the lump-sum support obligation and ordered him to pay that amount to Leslie. 

Daniel argues that the award is unsupported by Leslie’s pleading.  Leslie’s third amended petition does not mention a child support arrearage or complain of the disputed travel expenses.  When Leslie’s counsel questioned her at trial about the travel expenses, Daniel objected as follows:  “This was not -- this request was not anywhere in the mediation [sic], Your Honor.  They did not request back support of these funds.  They’re requesting an accounting of these funds, Your Honor, but there’s no request for retro reimbursement.”  Leslie tacitly concedes that the claim was not supported by her pleading but argues that it was tried by consent because Daniel’s objection was untimely and because he did not claim surprise at trial. 

A plaintiff may not sustain a favorable judgment on an unpleaded cause of action unless it is tried by consent.  
Oil Field Haulers Ass’n v. R.R. Comm’n
, 381 S.W.2d 183, 191 (Tex. 1964).  “When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.”  
Tex. R. Civ. P.
 67.  

We disagree with Leslie’s argument that Daniel’s objection was untimely.  Leslie’s attorney questioned her about various travel expenses from an exhibit reflecting the disputed expenses.  Before offering the exhibit, her attorney asked whether she was asking the trial court to grant her a judgment in the amount of the disputed amount; she answered that she was.  Daniel made his objection within seconds of the question and answer.  Up until that point in the testimony, the aim of counsel’s questions regarding the travel expenses is unclear.  Daniel’s reference to mediation in his objection is inexplicable, but the gist of his objection was enough to apprise the trial court that Leslie was testifying about an unpleaded cause of action.

As for Leslie’s argument that Daniel failed to show surprise, we note that surprise will preclude a trial amendment under rule 66; it is not a factor in determining whether a cause of action was tried by implied consent under rule 67.  
See 
Tex. R. Civ. P.
 
66, 67; 
see also State Bar of Tex. v. Kilpatrick
, 874 S.W.2d 656, 658 (Tex. 1994) (noting that party opposing trial amendment must show surprise or prejudice).  Leslie did not seek permission to file a trial amendment; thus, this case does not implicate the “surprise” element of rule  66.

Leslie’s pleadings do not support a claim for back child support or any claim arising for the disputed travel expenses.  Daniel made a timely objection to evidence relating to those claims; thus, they were not tried by implied consent.  We therefore hold that the trial court erred by rendering judgment for Leslie on those claims, and we sustain Daniel’s second issue.

Leslie’s Refusal to Move Back to Texas

In his third issue, Daniel argues that the trial court should have denied all relief to Leslie because she had the opportunity but refused to move back to Texas with the children when her current husband obtained employment in Dallas.  Daniel argues that Leslie “came before the . . . Court with unclean hands and should not be entitled to relief” because her refusal to move back to Texas was not in the best interest of the children.  Daniel cites no authority in support of his argument other than family code section 153.002 for the general proposition that the best interest of the child is the primary consideration when determining issues of possession and access.  
See 
Tex. Fam. Code Ann. § 153.002.  
The 2002 possession order did not prohibit Leslie from relocating to another state with the children.  We take judicial notice of the undeniable blessings and benefits that inure to those who call the Lone Star State “home,” but we find no authority for the proposition that residence in a another state is so contrary to the best interest of a child as to outweigh all other considerations.  We overrule Daniel’s third issue.

Leslie’s Possession Bond

In his fourth issue, Daniel argues that the associate judge of the Tarrant County court lacked authority to set aside a possession bond ordered by the presiding judge of the Collin County court.  The order releasing the bond, however, is signed by a district judge as well as the associate judge.
(footnote: 2)  An associate judge has the power to conduct a hearing, hear evidence, make findings of fact, and recommend an order to be entered in a case, and that appears to be what happened here.  
See
 
id
.
 § 201.007 (Vernon Supp. 2005).  We overrule Daniel’s fourth issue.

Sufficiency of the Evidence

In his fifth issue, Daniel argues that Leslie presented legally insufficient evidence to show a substantial change in circumstances to justify a modification of the existing visitation order.  Family code section 156.101 provides that a court may modify a visitation order if the modification would be in the best interest of the child and the circumstances of the child, conservator, or other person affected by the order have materially and substantially changed since the date of the rendition of the order.  
I
d
. § 
156.101(1) (Vernon Supp. 2005)
.
  The burden of showing a substantial change in circumstances was on Leslie, the movant.  
See 
In re V.L.K.,
 24 S.W.3d 338, 343 (Tex. 2000).

A legal sufficiency challenge may only be sustained when:  (1) the record discloses a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of a vital fact.  
Uniroyal Goodrich Tire Co. v. Martinez
, 977 S.W.2d 328, 334 (Tex. 1998),
 cert. denied
, 526 U.S. 1040 (1999);
 Robert W. Calvert, 
"No Evidence"
 
and "Insufficient Evidence" Points of Error
, 38 T
EX
. L. R
EV
. 361, 362-63 (1960)
.  In determining whether there is legally sufficient evidence to support the finding under review, we must consider evidence favorable to the finding if a reasonable factfinder could, and disregard evidence contrary to the finding unless a reasonable factfinder could not.
  
City of Keller v. Wilson
, 
168 S.W.3d 802, 827
 (Tex. 2005).

After the 2002 possession and visitation order, Leslie moved to Minnesota.  Both Leslie and Daniel testified extensively about the difficulty they had in working out a visitation schedule under the 2002 order.  For example, Leslie testified that Daniel monopolized the children’s three-day weekends.  Daniel testified that Leslie would find a scheduling conflict for whatever weekend he chose to exercise his visitation rights.  Daniel also testified that it had become increasingly difficult over the two years before trial for him to take weekends off from his job as an airline pilot because of his employer’s restructuring and downsizing. 

We hold that the testimony of the parties presented more than a scintilla of evidence of a material and substantial change in circumstances to justify a modification to the 2002 visitation order.  We overrule Daniel’s fifth issue.

Nonstandard Possession

In his sixth issue, Daniel argues that the trial court erred by ordering nonstandard possession that allows Leslie to “protect” the second weekend of each month.  We review a trial court’s order regarding possession and visitation for an abuse of discretion.  An appellate court will not reverse the trial court’s decision regarding visitation absent a clear abuse of discretion. 
In re M.R.
, 975 S.W.2d 51, 53 (Tex. App.—San Antonio 1998, pet. denied).

At trial, Daniel testified on cross-examination that he would agree to the visitation schedule ordered by the trial court:

I’ve already made the offer to allow her to block off the weekend first and then allow me to choose around her blocked weekend.  That gives me three weekends to choose from.  I’ll agree to that.  She can block the first weekend.  I’ll choose from the other ones. That gives her one set weekend. 

This testimony, coupled with the other testimony we have already recounted about the parties’ difficulty in scheduling 
Daniel’s visitation and Daniel’s increasing inability to get weekends off from work, supports the trial court’s order allowing Leslie to protect the second weekend of each month.  We therefore hold that the trial court did not abuse its discretion by ordering nonstandard visitation.  We overrule Daniel’s sixth issue.

Attorney’s Fees

In his seventh issue, Daniel argues that the trial court erred by awarding attorney’s fees to Leslie because Leslie was not entitled to prevail on her petition and because the fees were not reasonable or necessary. 

Family code section 106.002 provides that a trial court may render judgment for reasonable attorney’s fees in a suit under Title V.  
Tex. Fam. Code Ann.
 § 106.002(a) (Vernon Supp. 2005).  An award of attorney’s fees under section 106.002 in a suit affecting the parent-child relationship lies within the trial court’s discretion.
  Bruni v. Bruni
, 924 S.W.2d 366, 368 (Tex. 1996).

Leslie’s attorney, Toby Goodman, testified about Leslie’s attorney’s fees.   Goodman testified that he has practiced family law in Tarrant County for over thirty years and that he was familiar with the reasonable and necessary charges for the type of representation he provided in this case.  He offered an exhibit that summarized Leslie’s attorney’s fees, broken down by attorney, hourly rate, and total hours billed, and an exhibit that listed the many litigation documents filed by Daniel.  Goodman testified that Leslie’s attorney’s fees through trial were $17,202.94.  He further testified that reasonable attorney’s fees on appeal would be $6,500 for an appeal to this court, $1,500 for responding to a petition for review in the supreme court, and $3,500 for responding on the merits in the supreme court.  Daniel offered no evidence on attorney’s fees, and his cross-examination of Goodman was limited to a single question, whether Goodman’s fees reflected actual billings.  Goodman said that they did. 

The trial court awarded Leslie $8,500 for her attorney’s fees through trial plus $9,000 if Daniel perfected an appeal in this court, $1,000 if Daniel filed a petition for review in the supreme court, and $1,500 if the supreme court granted a petition for review. 

Goodman testified that a reasonable fee to respond to an appeal in this court would be $6,500.  Thus, there was no evidence to support $2,500 of the $9,000 awarded by the trial court for appeal to this court.  Accordingly, we sustain Daniel’s seventh issue with regard to attorney’s fees for appeal to this court.  The other amounts awarded by the trial court were supported by Goodman’s testimony; thus, we hold that the trial court did not abuse its discretion by awarding them and overrule the remainder of Daniel’s seventh issue.

Conclusion

Having sustained Daniel’s second issue and his seventh issue in part, we modify the trial court’s judgment to delete the $4,649.11 in child support arrearage and to reduce the total award of attorney’s fees on appeal to $9,000.  We affirm the trial court’s judgment as modified.

ANNE GARDNER

JUSTICE

PANEL F: HOLMAN, GARDNER, and WALKER, JJ.

DELIVERED:  June 29, 2006

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
We note that Judge Brian Carper, presiding judge of the 324th District Court, signed the order although the case was pending in the 233rd District Court.  The rules of civil procedure provide that in counties with more than one district court, “any judge may hear any part of any case” and “any judge may hear . . . all preliminary matters, questions, and proceedings and may enter judgment or order thereon in the court in which the case is pending without having the case transferred to the court of the judge acting.”  
Tex. R. Civ. P.
 330(g), (h).