Jennifer A. STRAIGHT, Respondent,

v.

Scot E. STRAIGHT, Appellant.

No. WD 65930.

Missouri Court of Appeals, Western District.

June 30, 2006.

Leonard K. Breon, Warrensburg, MO, for appellant.

Jennifer A. Straight, Lakeland, MO, pro se.

Before ELLIS, P.J., LOWENSTEIN and SPINDEN, JJ.

## FACTS

HAROLD L. LOWENSTEIN, Judge.

This appeal arises from the dismissal of a motion to modify child support for lack of subject matter jurisdiction. Although visitation was raised at the hearing, the sole point on appeal is whether Missouri has jurisdiction to modify an existing child support order. Only the appellant filed a brief.

The marriage of Scot E. Straight ("Father") and Jennifer A. Straight ("Mother") was dissolved in Missouri in 1999. The judgment in the dissolution (the "Missouri order") granted Mother primary physical custody[1] of the three children, and Father was to have visitation. Father was required to pay a total of $900 per month child support to Mother. Mother and children moved to Florida; Father remained in Missouri. In May, 2002, a Florida circuit court (the "Florida court") designated Father as the "primary residential parent" of the oldest child. In that same order, the Florida court modified the child support payment, requiring Father to pay Mother $450 per month for the two children still with the mother. Six months later, the same court designated Father as the "primary residential parent" for the remaining two children.[2] Under a stipulation filed by the parties, the Florida court granted custody of the children to father and terminated his child support obligation. The stipulation stated in part:

> [M]inor children will ... reside with [Father] ...
>
> [H]er visitation with minor children will take place in Missouri, unless [Mother] agrees to pay child support determined by the statutory guidelines in which event [Mother] may have visitation with the minor children in Florida ...
>
> [Father] will not seek child support from [Mother],
>
> [Mother] will no longer receive child support from [Father].

Father remained in Missouri with the children and Mother remained in Florida.

## PROCEDURAL POSTURE

In 2005, Father filed a motion to modify (or establish) a support order in Missouri. Mother was served with a summons. Mother sent a "Written Response to Summons" to Father's counsel who tendered a copy to the trial court. In that document, Mother requested that the amount of support sought by Father reflect her current earnings and that the court modify the visitation provision per the Florida stipulation. The trial court dismissed the motion to modify the child support and visitation for lack of subject matter jurisdiction. This appeal by Father followed.

## DISCUSSION

■ Father's sole point on appeal is whether Missouri has subject matter juris-

---

1.  " '[P]rimary physical custody' is not among the four types of custody dispositions recognized by [Missouri law], which are: (1) joint physical custody; (2) sole physical custody; (3) third-party custody; and (4) visitation. Failure to use proper nomenclature in describing the type of custody being awarded to a parent is confusing to litigants and impedes proper appellate review." *In re Marriage of Copeland,* 148 S.W.3d 327 n. 1 (Mo.App. S.D. 2004).

2.  Collectively, the two orders entered by the Florida court are referred to as the "Florida orders."

diction to modify the child support order or whether Florida has assumed jurisdiction.[3] Subject matter jurisdiction is a question of law subject to *de novo* review by this court.

■■■ Subject matter jurisdiction exists only when a court has the right to proceed to determine the controversy at issue or grant the relief requested. *Garcia-Huerta v. Garcia*, 108 S.W.3d 684, 686 (Mo.App. 2003). Subject matter jurisdiction over child support orders is governed by the Uniform Interstate Family Support Act ("UIFSA"), sections 454.850 et seq. UIFSA became effective as of July 1, 1997. Section 454.850 RSMo. UIFSA's purview extends only to child support and issues of paternity and parentage. *State ex rel. Dept. of Social Serv. v. Hudson*, 158 S.W.3d 319, 323 (Mo.App.2005). UIFSA is predicated on a one-order system where only one state's child support order governs at any time, and, unless the first state has lost jurisdiction, no other state may modify the order. *Superior Court v. Ricketts*, 153 Md.App. 281, 836 A.2d 707 (Md. 2003). By providing a single tribunal with continuing and exclusive jurisdiction to establish or modify a support order, UIFSA seeks to avoid problems that arise from multiple orders in multiple states. *Reis v. Zimmer*, 263 A.D.2d 136, 141, 700 N.Y.S.2d 609 (N.Y.App.Div.1999).

UIFSA is codified in Missouri at sections 454.850 to 454.997.[4] Modification of child support orders is addressed in section 454.867(a) that provides:

(a) A tribunal of this state issuing a support order consistent with the law

of this state has a continuing, exclusive jurisdiction over a child support order:

(1) as long as this state remains the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued; or

(2) until each individual party has filed a written consent with the tribunal of this state for a tribunal of another state to modify the order and assume exclusive, continuing jurisdiction.

■ In this case, the Missouri order was issued subject to the UIFSA provisions. The decree of dissolution incorporating the custody order and the original support order was issued in January 1999. Because the original support order was issued after UIFSA became effective, the provisions of UIFSA apply to this order. Under UIFSA, Missouri established its continuing, exclusive jurisdiction over the child support when it entered the order in 1999. The question then becomes whether Florida properly claimed jurisdiction in 2002. If Florida established jurisdiction to modify the Missouri order under 454.867(b)[5], Florida then, and now has exclusive and continuing jurisdiction and Missouri is precluded from modifying either the original order or the order as modified by Florida. If Florida did not have jurisdiction to modify the Missouri order, the Florida judgment affecting child support would be a nullity. *Krasinski v. Rose*, 175 S.W.3d 202, 204 (Mo.App.2005).

---

**3.** Father concedes that Missouri lacks subject matter jurisdiction to modify visitation. Mother did not file a brief in this appeal.

**4.** Statutory references are to RSMo (2005) unless otherwise specified.

**5.** "[A] tribunal of this state issuing a child support order consistent with the law of this state may not exercise its continuing jurisdiction to modify the order if the order has been modified by a tribunal of another state pursuant to sections 454.850 to 454.997 or a law substantially similar to sections 454.850 to 454.997." 454.867(b) RSMo (2005).

■ Florida's version of UIFSA is found in sections 88.1011 *et seq.* Like the Missouri statute, it provides that: "A tribunal of this state shall recognize the continuing exclusive jurisdiction of a tribunal of another state which has issued a child support order pursuant to this act or a law substantially similar to this act." Fla. Stat. § 88.2051(4) (2006). Missouri entered the original support order pursuant to UIFSA and established continuing exclusive jurisdiction over the support order in 1999. Florida could only modify the Missouri order in 2002 if Missouri lost jurisdiction.

Here the dissolution and original child support order were entered in Missouri. Father was a Missouri resident and remains a Missouri resident. As Father, a party to the original support order, remained a Missouri resident, Florida did not acquire jurisdiction under 454.867(a)(1). Jurisdiction could, therefore, only be conferred on Florida through consent of the parties.

■ Consent to confer subject matter jurisdiction over child support under Missouri's UIFSA requires that each party consent in writing and that writing be filed with a tribunal of this state. Specifically, the statute provides that Missouri's continuing, exclusive jurisdiction to modify the order continues "until each party has filed a written consent with the tribunal of this state." Section 454.867(a)(2), RSMo. Under the facts of this case, written consent was not filed with the Missouri court before the Florida court entered its 2002 orders.

Although Father concedes that "someone" filed the Florida stipulation with the Missouri court in 2003, over a year after the Florida orders, at the time the Florida court entered its order, it was without jurisdiction to modify the Missouri Support order. Missouri law and the UIFSA are very clear that Missouri's jurisdiction continues *until* the consent is filed with the state. "Until" is defined as "[u]p to the time of. A word of limitation used ordinarily to restrict that which precedes to what immediately follows it." *Black's Law Dictionary*, 1540(6th Ed.1991). Thus, Florida could not obtain jurisdiction *until* consent is filed in Missouri. Even if filing the stipulation in Missouri in 2003 amounts to consent pursuant 454.867(a), at the time Florida acted in 2002, Missouri still had continuing, exclusive jurisdiction over any modification of the original support order.

■ As a basis of its ruling that the Florida court had jurisdiction over the child support matter, the Missouri trial court stated that "the Florida court expressly stated that it assumed jurisdiction of this matter from the State of Missouri." However, a ruling of jurisdiction by a court that is merely conclusory or that assumes jurisdiction, but is tacit as to the factual basis for that adjudication, does not meet the objectives of uniform acts designed to avoid jurisdictional disputes. *Piedimonte v. Nissen,* 817 S.W.2d 260, 266 (Mo.App.1991) (citing *Lynch v. Lynch,* 770 P.2d 1383, 1385 (Colo.App.1989)). Under both UIFSA and the UCCJA, the Florida court could not have assumed jurisdiction by simply stating that it had jurisdiction. The Florida court did not meet the statutory requirements of UIFSA; Florida did not have authority to modify the Missouri Support order.

The trial court in this case relied on a recent eastern district decision, *State ex rel. Ferrara v. Neill* in dismissing Father's motion to modify. 165 S.W.3d 539 (Mo. App.2005). In *Ferrara,* husband and wife were married in Missouri but subsequently moved to New Mexico with their only child. The marriage was dissolved under New Mexico law. The decree gave primary physical custody of the child to the

husband who moved back to Missouri. The ex-wife remained in New Mexico. The ex-husband registered the New Mexico decree as a foreign judgment in a Missouri court and filed a motion to modify both the custody and support provisions of the New Mexico order. The ex-wife filed for a writ of prohibition after the trial court denied her motion to dismiss. The writ was made permanent.

*Ferrara*, however, only addresses jurisdiction over child custody and visitation under the Missouri version of the Uniform Child Custody Jurisdiction Act, Sections 452.440 et seq., ("UCCJA") and the federal Parental Kidnapping Prevention Act, 28 U.S.C.A. § 1738A(a), ("PKPA"). *Id.* at 452. The *Ferrara* court held that although Missouri's UCCJA would confer jurisdiction over child custody to the Missouri court,[6] under the PKPA, child custody jurisdiction remains with New Mexico. *Id.* Where provisions of the UCCJA and PKPA conflict, however, the PKPA prevails under the Supremacy Clause of the U.S. Constitution. *Id.* Thus, jurisdiction to modify the custody and visitation properly rested with the New Mexico court.

The PKPA addresses "custody determinations," which it defines as a judgment, decree or other court order providing for the "custody or visitation" of a child. 28 U.S.C. § 1738A(b)(3) (2000). Whether or not child support determinations are included within that statutory definition is not expressly addressed. Nor did the *Ferrara* court specifically address jurisdiction over child support in its decision.

The trial court, relying on *Ferrara*, held that Florida had subject matter jurisdiction to modify visitation, and by extension, child support. However, the case at bar is factually distinguished from *Ferrara*. In *Ferrara*, a Missouri court was asked to modify New Mexico custody and support orders. 165 S.W.3d at 541. In this case, a Missouri court was asked to modify a Missouri support order while Mother was requesting a modification of visitation per the Florida stipulation. As discussed above, under a UIFSA analysis, the Missouri court never lost continuing and exclusive jurisdiction over the child support order and thus the Missouri trial court did have jurisdiction to modify the Missouri Support order.

The trial court held that the intertwining of visitation and support in the stipulation conferred on Florida the jurisdiction to modify child support as well as visitation. This result, however, ignores the mandate of the UIFSA. Arguably, designating a single forum to determine all issues affecting children in a dissolution is an intuitively satisfying solution. However, where parents are located in different states, such a result ignores the reality of multiple uniform laws with different jurisdictional predicates addressing interstate issues of custody and child support. To some degree, custody, visitation, and child support are intertwined in every dispute between divorced parents. The trial court result would suggest that before applying the jurisdictional analysis of the UCCJA or the UIFSA and determining whether one or both apply, the court must first determine to what degree the issues are intertwined.

■ The UCCJA, UCCJEA, and PKPA, under which the *Ferrara* result is reached, address custody and visitation.

---

**6.** Missouri still operates under the UCCJA. However, New Mexico and Florida, have adopted the Uniform Child Custody Jurisdiction and Enforcement Act. The UCCJEA's jurisdiction analysis differs from the analysis under the UCCJA. As both Florida and New Mexico have adopted the UCCJEA, the trial court applied the *Ferrara* custody analysis under the UCCJEA and PKPA to this case.

UIFSA addresses child support. In interstate disputes, one or both analyses must be performed to determine the proper court with subject matter jurisdiction over each of these issues. These analyses may well result in bifurcated jurisdiction where one state has proper jurisdiction over modifying custody or visitation and another state retains jurisdiction over child support modification. Given the distinctions between jurisdiction under UIFSA and UCCJA, several cases have indicated that one state may retain jurisdiction to modify child support under the UIFSA while another state obtains subject matter jurisdiction over child custody and visitation. *State ex rel. Dept. of Social Serv. v. Hudson*, 158 S.W.3d 319, (Mo.App.2005) (citing *McNabb ex rel. Foshee v. McNabb*, 31 Kan.App.2d 398, 65 P.3d 1068, (2003); *In re Hattenbach*, 999 S.W.2d 636, (Tex.App. 1999); *In re Abu–Dalbouh*, 547 N.W.2d 700, (Minn.App.1996).

*In re Hattenbach*, a Texas case with facts closely parallel to those of this case, amply demonstrates the frustration caused by multiple uniform laws with conflicting subject matter jurisdiction requirements. 999 S.W.2d 636 (Tex.App.1999). In *Hattenbach*, the Texas court determined that the state of residence of the child had jurisdiction over modification of custody and visitation. However, in applying the UIFSA to determine which court could modify the support order, the court stated that it "had no discretion but to retain the support portion of the proceedings in Texas because the parties did not agree otherwise." *Id.* The court went on to state: "By adopting these uniform acts, the legislature has created an unsatisfactory situation in which a suit affecting a parent-child relationship is severed into parallel proceedings in different states. However, any remedy for this awkward result must come from the legislature, not the courts." *Id.*

Like the court in *Hattenbach*, this court is constrained by the laws as established by the legislature. Retaining subject matter jurisdiction to modify child support in Missouri while at the same time acknowledging the jurisdiction of the Florida court to adjudicate custody and visitation may well be an "awkward" result. However, "[c]ourts must give effect to a statute as written." *Garcia*, 108 S.W.3d 684, 688 (Mo.App.2003).

The trial court erred in dismissing Father's motion to modify child support for lack of subject matter jurisdiction. Under the UIFSA, Missouri retains exclusive and continuing jurisdiction over the modification of the Missouri support order. The case is reversed and remanded for a hearing on Father's motion.

All concur.