

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-16-00055-CV

**IN THE INTEREST OF W.T.H.**, a Child

From the 81st Judicial District Court, Karnes County, Texas
Trial Court No. 15-06-00125-CVK
Honorable Donna S. Rayes, Judge Presiding

Opinion by:    Sandee Bryan Marion, Chief Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Karen Angelini, Justice
Irene Rios, Justice

Delivered and Filed:  February 15, 2017

AFFIRMED

In the underlying case, Kevin F., the maternal grandfather of the child W.T.H., obtained an order from a Texas court appointing him nonparent sole managing conservator of W.T.H. and W.T.H.'s sister after the death of W.T.H.'s mother and father. The paternal grandmother, Penny H., filed a plea to the jurisdiction. The Texas court granted the plea and determined a court in the State of Wisconsin has continuing jurisdiction over W.T.H. Kevin F. appeals from that order. We affirm.

# BACKGROUND[1]

Two siblings, K.J.F. and W.T.H., originally resided in Outagamie County, Wisconsin, with their mother (Shauni) and W.T.H's father (Travis).[2]  Although Shauni and Travis lived together in Wisconsin, they were never legally married.  At the time of W.T.H.'s birth in Outagamie County on April 20, 2012, Shauni was legally married to another man, but Travis stipulated he was W.T.H.'s father.  A Stipulation and Judgment of Paternity, signed by Shauni and Travis, attesting to this fact was entered in an Outagamie County, Wisconsin, court.

Travis died on January 2, 2015.  On or about January 13 or 18, 2015, Shauni and both children moved to Karnes County, Texas, where they resided with Shauni's father, Kevin F.[3]  Shauni died on May 22, 2015.  At that time, W.T.H. went to live with his maternal aunt (Chelsei) in Wilson County, Texas.  K.J.F., who has special needs requiring frequent and specialized care, continued to live with Kevin F.  The underlying suit in Texas commenced on June 2, 2015, when Kevin F. filed a petition in Karnes County, Texas, for grandparent possession, access and/or custody of K.J.F. and W.T.H.  At the time of the petition, K.J.F. was five years old and W.T.H. was three years old.  The scant record before us does not indicate who, if anyone, was given notice of Kevin F.'s petition or who appeared in the case.  On July 7, 2015, the Texas trial court signed

---

[1] Because appellant did not request a reporter's record, the "Background" facts are taken from pleadings contained in the clerk's record in this appeal.  Appellant attached several documents to his brief, which we cannot consider because they are not part of the record on appeal.  *See* TEX. R. APP. P. 34.1 (describing contents of appellate record); *Save Our Springs All., Inc. v. City of Dripping Springs*, 304 S.W.3d 871, 892 (Tex. App.—Austin 2010, pet. denied) ("We are limited to the appellate record provided."); *Myer v. Cuevas*, 119 S.W.2d 830, 836 (Tex. App.—San Antonio 2003, no pet.) (appellate court must determine appeal based on appellate record and cannot consider documents attached as exhibits or appendices to briefs).  Despite an order to appellee stating an appellee's brief was due, she did not file a brief.

[2] The identity of K.J.F.'s father is unknown.  K.J.F. was born on June 13, 2010.

[3] Pleadings in the clerk's record on appeal state different dates for Shauni's move to Texas.  In his appellant's brief, Kevin F.'s counsel states Shauni moved to Texas on or about January 13, 2015.  In an affidavit filed by Penny H. contained in the clerk's record, she contended Shauni moved to Texas on or about January 18, 2015.

an Order in Suit Affecting the Parent-Child Relationship appointing Kevin F. as nonparent sole managing conservator of both children.

In the meantime, on June 24, 2015, in Outagamie County, Wisconsin, W.T.H.'s paternal grandmother, Penny H., filed a petition for permanent guardianship of W.T.H. Kevin F. and Chelsei filed an answer in that proceeding. In the answer, Kevin F. informed the Wisconsin court of the July 7, 2015 Order in Suit Affecting the Parent-Child Relationship issued by the Texas court and he asserted the Texas court had jurisdiction to decide the matter. In an attached affidavit, Kevin F. alleged he was in the process of finding new housing for himself and the children, and, in the interim, W.T.H. was residing with Chelsei.

On September 18, 2015, Penny H. filed an original petition for bill of review in the Texas court asking that court to vacate its July 7, 2015 Order in Suit Affecting the Parent-Child Relationship.[4] On October 27, 2015, the Texas court granted Penny H.'s bill of review, set aside its July 7, 2015 order, severed W.T.H.'s case from K.J.F.'s case, and granted a new trial as to W.T.H. only.[5] Thereafter, Penny H. filed a plea to the jurisdiction in W.T.H's case, asserting the Wisconsin court had continuing jurisdiction over W.T.H. and asking the Texas court to dismiss Kevin F.'s petition.

In her plea to the jurisdiction, Penny H. alleged the Wisconsin court first established continuing jurisdiction over W.T.H. based on the Stipulation and Judgment of Paternity signed by the Wisconsin court on November 22, 2013. Penny H. also alleged that, when Kevin F. filed his petition for grandparent possession, access, and/or custody, W.T.H. had not resided in Texas for the required six months and temporary emergency jurisdiction was never requested.

---

[4] When Penny H. informed the Wisconsin court that she would be filing a bill of review in the Texas proceeding, the Wisconsin court continued the case pending before it.

[5] The bill of review is not the subject of this appeal.

On January 6, 2016, the Texas court signed an order granting Penny H.'s plea to the jurisdiction. In its order, the court (1) stated it had conferred with the Outagamie County Probate Court, (2) found that the Wisconsin court had continuing jurisdiction over W.T.H. "by virtue of" the Stipulation and Judgment of Paternity, and (3) found that Texas did not become W.T.H.'s home state prior to any filing in Karnes County, Texas. Kevin F. now appeals from that order.

## JURISDICTION

On appeal, Kevin F. argues the Wisconsin court lost jurisdiction over any child support proceeding because both parents are deceased,[6] and the Wisconsin court had no jurisdiction over any custody order because "the custody matter . . . was not decided in Wisconsin since the parents lived together." Kevin F. concludes that, because the Texas court signed the July 7, 2015 Order in Suit Affecting the Parent-Child Relationship, it retained continuing exclusive jurisdiction and erred in granting Penny H.'s plea to the jurisdiction. We disagree.

Contrary to Kevin F.'s contention on appeal, the Stipulation and Judgment of Paternity signed by the Wisconsin court provided for W.T.H.'s custody by stating as follows: "Legal custody of the child is granted to the parties jointly." Therefore, the Wisconsin court made a custody determination as to W.T.H. Although both of W.T.H.'s parents are now deceased, the Wisconsin court has exclusive, continuing jurisdiction over a child custody determination "until any of the following occurs: (a) a Wisconsin court "determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent have a significant connection with [Wisconsin] and that substantial evidence is no longer available in [Wisconsin] concerning the child's care,

---

[6] The Wisconsin Stipulation and Judgment of Paternity states: "No current child support is ordered at this time based on the parties residing together." Kevin F. relies on *In re Hattenbach*, 999 S.W.2d 636, 639 (Tex. App.—Waco 1999, no pet.), which held "Both the Texas and Florida versions of the UIFSA provide that a court which issues a child support order retains continuing, exclusive jurisdiction over that order 'as long as this state remains the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued.'" *In re Hattenbach* provides no guidance here because child support is not at issue in this appeal.

protection, training, and personal relationships" or a Wisconsin court "or a court of another state determines that the child, the child's parents, and all persons acting as parents do not presently reside in [Wisconsin]." WIS. STAT. ANN. § 822.22 (West 2015). To date, neither a Wisconsin court nor a Texas court has made any determination under the Wisconsin statute.

The trial court also found that Texas was not W.T.H.'s home state prior to any filing by Kevin F. in a Texas court. On appeal, Kevin F. asserts Texas Family Code "Section[s] 152.201 and 152.203 indicate[] that the child custody matter should be determined in Texas." This single sentence in the appellate brief is not supported by any reference to case law, to specific subsections of sections 152.201 or 152.203, or to the record on appeal. Nevertheless, we will address, to the degree the record allows us to do so, whether the Texas court had jurisdiction under either section.

Section 152.203 of the Texas Family Code's Uniform Child Custody Jurisdiction and Enforcement Act ("the UCCJEA") provides that a Texas court "may not modify a child custody determination made by a court of another state unless a court of this state has jurisdiction to make an initial determination under Section 152.201(a)(1) or (2) . . .." TEX. FAM. CODE ANN. § 152.203 (West 2014). Section 152.201 dictates when a Texas court has jurisdiction to make "an initial child custody determination." *See* TEX. FAM. CODE § 152.201(b) ("Subsection (a) is the exclusive jurisdictional basis for making a child custody determination by a court of this state.").[7]

A Texas court has jurisdiction to make an initial child custody determination only if one of four bases of jurisdiction applies under section 152.201(a). Temporary emergency jurisdiction does not apply here because Kevin F. did not seek such relief. Therefore, a court of this state has jurisdiction under section 152.201(a) to make an initial child custody determination only if:

(1) this state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the

---

[7] The Wisconsin version of the UCCJEA contains identical statutes. *See* WIS. STAT. ANN. §§ 822.21, 822.23 (West 2016).

commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state;

(2) a court of another state does not have jurisdiction under Subdivision (1), or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under Section 152.207 or 152.208, and:

> (A) the child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and
> (B) substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships;

(3) all courts having jurisdiction under Subdivision (1) or (2) have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under Section 152.207 or 152.208; or

(4) no court of any other state would have jurisdiction under the criteria specified in Subdivision (1), (2), or (3).

*Id.* § 152.201(a).

The UCCJEA prioritizes "home state" jurisdiction. *See id.* § 152.201(a)(1); *In re Dean*, 393 S.W.3d 741, 746 (Tex. 2012) (orig. proceeding); *Powell v. Stover*, 165 S.W.3d 322, 325 (Tex. 2005). In determining where a child lived for purposes of establishing home state jurisdiction, courts focus on the child's "physical presence" in a state, not the legal residency of the child's parents. *Powell*, 165 S.W.3d at 326-28. The Family Code defines "home state" to mean:

> the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding. . . . A period of temporary absence of a parent or a person acting as a parent is part of the period.

TEX. FAM. CODE § 152.102(7).

"[T]he operative date for determining whether Texas has jurisdiction is the date the suit was filed in Texas." *In re Walker*, 428 S.W.3d 212, 219 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding) (internal quotation marks omitted); *see also* TEX. FAM. CODE § 152.102(5)

("'Commencement' means the filing of the first pleading in a proceeding."). Accordingly, we must determine whether Texas was W.T.H.'s "home state" on the date Kevin F. filed his petition.

As the petitioner, Kevin F. had the burden to allege facts establishing the trial court's jurisdiction under the UCCJEA. *See Barabarawi v. Rayyan*, 406 S.W.3d 767, 773 (Tex. App.—Houston [14th Dist.] 2013, no pet.). Using the earliest possible date that Shauni and her children took up residence in Texas—January 13, 2015—W.T.H. had resided in Texas less than five months by the time Kevin F. filed his petition on June 2, 2015. Therefore, the trial court did not err in finding Texas was not W.T.H.'s home state on the date of the commencement of the Texas proceeding.

Because Texas was not W.T.H.'s home state when Kevin F. filed his petition, we ordinarily would next determine whether the Texas court could exercise jurisdiction under subsections (2), (3), or (4) of section 152.201(a). However, in this case, we are prevented from doing so because Kevin F.'s jurisdictional arguments under Family Code section 152.201(a)(2)-(4) are not briefed and there is no reporter's record on appeal.[8]

### INCONVENIENT FORUM

Kevin F. also argues the custody case should proceed in a Texas court because Wisconsin is an inconvenient forum. Kevin F. relies on Texas Family Code section 152.207. However, that section only applies when a Texas court has jurisdiction to make a child custody determination, but declines to exercise that jurisdiction. TEX. FAM. CODE § 152.207(a) ("A court of this state which has jurisdiction under this chapter to make a child custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum."). A Texas court may

---

[8] For the same reasons, we do not address whether the trial court had jurisdiction to modify a child custody determination under section 152.203.

not utilize section 152.207 to determine whether a court of another state that has jurisdiction over the child is an inconvenient forum. Therefore, Kevin F. cannot rely on Texas Family Code section 152.207 to argue Wisconsin is an inconvenient forum.[9] Even if we were to apply the common law forum non conveniens doctrine, there is no appellate record to support Kevin F.'s allegations on appeal.

## OTHER ARGUMENTS

On appeal, Kevin F. also asserts it is in W.T.H.'s best interest to remain in Texas, and an order that includes both children cannot be declared void as to one child but not as to the other child. Although we appreciate Kevin F.'s attempts to keep both siblings together, best interest is not a factor in determining whether a court has subject-matter jurisdiction to make a child custody determination, and the trial court severed the cases involving the two children, a ruling that is not the subject of this appeal.[10]

## CONCLUSION

Based upon the appellate record before this court and for the reasons stated above, we must overrule Kevin F.'s issues on appeal and affirm the trial court's "Order Granting [Penny H.'s] Plea to the Jurisdiction."

Sandee Bryan Marion, Chief Justice

---

[9] However, our opinion should not be interpreted as holding that Wisconsin is a convenient forum. Wisconsin has a similar inconvenient forum statute under which the Wisconsin court could "decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum. The issue of inconvenient forum may be raised upon the motion of a party, the court's own motion, or the request of another court." WIS. STAT. ANN. § 822.27(1) (West 2016).

[10] To the extent this is an attempt by Kevin F.'s counsel to challenge the severance order on appeal, counsel's argument is inadequately briefed. *See* TEX. R. APP. P. 38.1(i); *WorldPeace v. Comm'n for Lawyer Discipline*, 183 S.W.3d 451, 460 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (concluding issue was inadequately briefed and thus waived).